UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

KHAN MOHAMMED

Defendant.

Criminal Action No. 06-357 (CKK)

06-357

**FILED**

DEC 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ORDER**
(December 13, 2007)

The matter presently before the Court concerns the above-named Defendant's right to a

speedy trial. On December 13, 2006, Defendant was indicted for Distribution of One Kilogram

or More of Heroin Intending and Knowing that the Heroin Will Be Unlawfully Imported into the

United States, 21 U.S.C. §§ 959(a)(1), 959(a)(2), and 960(b)(1)(A), and Aiding and Abetting

such an act, 18 U.S.C. § 2. Defendant was arraigned on November 5, 2007. A status hearing

was held before this Court on November 20, 2007, at which Defendant and counsel for the

parties were present. Upon consideration of the Speedy Trial Act (the "Act"), 18 U.S.C. § 3161,

the Court and the Parties agreed that in order for the case to proceed to trial within seventy days,

the trial would have to commence by January 27, 2008. The Court granted a continuance of

Defendant's Speedy Trial Rights in the interest of justice until December 13, 2007, based on the

amount and complexity of discovery turned over to Defendant's counsel, the need to have both

audio and written portions of the discovery translated into English, and the substantial work the

Parties indicated was necessary to determine when anticipated motions could be filed and trial

1

could be tentatively scheduled. *See* Minute Entry dated Nov. 20, 2007. At the December 13, 2007 status hearing, the Court and the Parties again discussed compliance with the Speedy Trial Act. For the reasons set forth below, the Court shall grant a continuance of Defendant's Speedy Trial Rights until February 25, 2008.

The Speedy Trial Act provides that "the trial of a defendant. . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, which ever date last occurs." 18 U.S.C. § 3161(c)(1). The Act provides for the exclusion of

> any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(8)(A). To decide whether to grant a continuance under § 3161(h)(8)(A) (often called an "ends-of-justice" continuance), the Act further requires the judge to consider, *inter alia*, "[w]hether the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(8)(B)(iv). Section 3161(h)(8) thus "gives the district court discretion – within limits and subject to specific procedures – to accommodate limited delays for case-specific needs." *Zedner v. Unites States*, 546 U.S. 489, 126 S. Ct. 1976, 1985 (2006).

The parties agreed at the November 20, 2007 status hearing that in order for the above-

captioned case to proceed to trial within seventy (70) days, the trial would have to commence by January 27, 2008. *See* 8 U.S.C. § 3161(c)(1) (requiring trial to commence within 70 days). Based on an evaluation of the factors described in §§ 3161(h)(8)(A), (B)(iv), the Court finds it is appropriate to grant a continuance until February 25, 2008, the date the trial is scheduled to begin, to serve the ends of justice.

The Parties informed the Court that despite their best efforts, there is still significant and time-consuming discovery that has yet to be completed. The Government indicated that it has provided Defendant with several hundred documents written in Pashtu, but that it intends to translate into English only a few of them. Defendant's counsel indicated that he needs to hire a translator to understand the relevance and content of the documents that will not be translated by the Government. In addition to the time required for this translation, the Government has not yet provided Defendant's counsel with copies and corresponding transcripts of four of the twelve audio/video recordings in its possession, although it anticipates having these available for Defendant's counsel in early January. Defendant's counsel indicates that he requires this discovery material to effectively represent Defendant, and requires additional time to draft motions based on this discovery once it becomes available. Given the existence of this time-consuming discovery, and given the time needed for Defendant's counsel to draft motions based on the discovery, the Court finds that failure to grant a continuance would "unreasonably deny . . . counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(8)(B)(iv).

The Court concludes that the ends of justice served by granting a continuance also outweigh "the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

3

§ 3161(h)(8)(A).  As the Supreme Court has explained, "the Act was designed not just to benefit defendants but also to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." *Zedner v. United States*, 126 S. Ct. at 1985. In the instant case, both Parties support the continuance, and neither suggests that the delay would create any prejudice.  For the reasons set forth above, the Court concludes that a continuance until February 25, 2008, is appropriate pursuant to 18 U.S.C. § 3161(h)(8).

Accordingly, it is, this 13th day of December, 2007, hereby

**ORDERED** that the Court shall grant a continuance until February 25, 2008, resulting in a delay that shall be excluded from computing the time within which trial must start.


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge