UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KHAN MOHAMMED ) | Criminal No.: 06-357(CKK) |

## DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

Defendant, Khan Mohammed, through undersigned counsel, respectfully moves the Court to Suppress Statements taken in violation of the Constitution in association with his arrest on October 29, 2006. The motion to suppress is made pursuant to Fed. R. Crim. P. 12(b)(3) and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.[1]

## BACKGROUND

**1.    Procedural Background**

On October 29, 2006 Mr. Mohammed was arrested in Afghanistan. The arrest was carried out by Afghani Law Enforcement Agents and agents of the United States Drug Enforcement Agency. Mr. Mohammed was arrested pursuant to a charge of distribution of heroin. On December 13, 2006 Mr. Mohammed was charged by grand jury in a one count indictment with Distribution of One Kilogram or More of Heroin intending and knowing that the

---

[1] In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. Mohammed's right to later supplement this motion and/or file additional motions which may be appropriate in his case.

Heroin will be unlawfully imported in the United States in violation of 21 U.S.C. § 959 960, Aiding and Abetting in violation of 18 U.S.C. § 2 and Forfeiture in violation fo 21 U.S.C. § 853. Mr. Mohammed remained in United States custody in Afghanistan until November 2007.

On November 5, 2007 Mr. Mohammed appeared before Magistrate Judge Alan Kay for his initial appearance.  After being advised of his right to counsel and right to remain silent, the Court granted the Government's request for temporary Detention pending a Detention Hearing. On November 8, 2007 Mr. Mohammed conceded to pre-trial Detention.  Mr. Mohammed is currently scheduled for trial before this Court on February 24, 2008.

**2.    Factual Background**

The government has alleged that Mr. Mohammed distributed more than a kilogram of heroin in a controlled buy.  The controlled buy was executed with the cooperation of an Afghani confidential source.  The government's theory is that Mr. Mohammed sold heroin to the confidential source with the specific intent that the heroin would ultimately be imported to the United States.  The government has alleged that after he was arrested Mr. Mohammed agreed to an interrogation by DEA agents.

After arresting Mr. Mohammed, the officers took him to a United States military installation in Afghanistan where he was interrogated for approximately two hours.  The government has alleged that the interrogation was done with the assistance of a Pashtun interpreter.  The arresting DEA agents have claimed that they advised Mr. Mohammed of his Fifth Amendment Constitutional rights in his native Pashtun language.   The government further claims that Mr. Mohammed acknowledged the meaning and substance of his constitutional right against self-incrimination.  Thereafter, its alleged that Mr. Mohammed agreed to an interrogation

by the DEA agents who took him into custody.

Mr. Mohammed's alleged statements are summarized in a document titled "Unclassified EFTO". This document has been disclosed as discovery KM0006 - KM0011.

**ARGUMENT**

I. **THE STATEMENTS OBTAINED ON OCTOBER 29, 2006 MUST BE SUPPRESS AS THEY WERE INVOLUNTARILY AND TAKEN IN VIOLATION OF THE RIGHT AGAINST SELF INCRIMINATION**

A.   This Court must suppress Mr. Mohammed's statements unless the government demonstrates that they were made voluntarily

The government has alleged that Mr. Mohammed made statements to the arresting DEA agents while he was in their custody. Mr. Mohammed allegedly admitted being the person depicted in a video in which he is handling and selling narcotics. Mr. Mohammed made other statements during the two hour interrogation. Before introducing those statements at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statements were voluntary. See Mincey v. Arizona, 437 U.S. 385, 398 (1978); Lego v. Twomey, 404 U.S. 477, 489 (1972). The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." Culombe v. Connecticut, 367 U.S. 568, 602 (1961).

The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." Mincey, 437 U.S. at 401. The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily. Fikes v. Alabama, 352 U.S. 191, 197 (1957); see also Gallegos v. Colorado, 370 U.S. 49, 52 (1962) (determination of whether an accused's statement was made

involuntarily so as to render it inadmissible "involves close scrutiny of the facts of individual cases").

Specifically, the Court must examine the government's efforts to overbear Mr. Mohammed's free will in relation to his capacity to resist those efforts. See Davis v. North Carolina, 384 U.S. 737 (1966). The Court must examine Mr. Mohammed's background, experience, and conduct to determine whether his statements were the product of a "rational intellect and a free will." Blackburn v. Alabama, 361 U.S. 199, 207-08 (1980). The Court must suppress Mr. Mohammed's statements unless the government can demonstrate, in light of all of these considerations, that the statements were made voluntarily.

B.  This Court must suppress Mr. Mohammed's statements because they were obtained in violation of Miranda v. Arizona

Even if the statements were made voluntarily, Miranda requires suppression of Mr. Mohammed's statements during the government's case-in-chief because Mr. Mohammed was not adequately apprised of his right against self-incrimination prior to undergoing custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 589-90 (1990). A person is in "custody" for purposes of Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v.

Innis, 446 U.S. 291, 301 (1980).  The government will be unable to demonstrate, at a hearing, that Mr. Mohammed's statements were not made in response to custodial interrogation – i.e., in response to words or actions that officers should have known would elicit an incriminating response.

## **CONCLUSION**

For the foregoing reasons, defendant Khan Mohammed moves the Court to suppress the statements that he allegedly made to the arresting DEA agents on October 29, 2009.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) ) ) ) v. ) ) KHAN MOHAMMED ) ) ) | Criminal No.: 06-357(CKK) |

**ORDER**

That upon consideration of Mohammed Khan's Motion to Suppress Statements, in relation to the above-captioned case it is hereby,

**ORDERED** that all statements made by Mr. Khan on the scene of his arrest and thereafter on October 29, 2007 are suppressed.

**SO ORDERED**

_____                                    _____
DATE                                                  COLLEEN KOLLAR-KOTELLY.
                                                      UNITED STATES DISTRICT JUDGE

Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004

Matthew Stiglitz
Trial Attorney
United States Department of Justice
1400 New York Ave., The Bond Building
8th Floor
Washington, D.C. 20530