UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KHAN MOHAMMED ) | Criminal No.: 06-357(CKK) |

**DEFENDANT'S SUPPLEMENTAL MOTION TO SUPPRESS STATEMENTS**

Defendant, Khan Mohammed, through undersigned counsel, submits his Supplemental Memorandum to Suppress Statements elicited sometime between November 6, 2006 through March 3, 2007. The motion to suppress is submitted pursuant to Fed. R. Crim. P. 12(b)(3) and is supported by the discussion below. Undersigned counsel incorporates the Procedural proffer submitted in Mr. Mohammed's initial suppression memorandum. [1]

**BACKGROUND**

**1.    Factual Background**

After he was arrested on October 6, 2006, Mr. Mohammed was detained in Bagram Air force Base in Afghanistan. The United States Armed Forces along with Coalition Forces maintain a significant presence in that facility. While in the custody of the United States Military, Mr. Mohammed was repeatedly interrogated. The government documented fourteen separate interrogations in forms titled "Interrogation Report." The first interrogation took place

---

[1] In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. Mohammed's right to later supplement this motion and/or file additional motions which may be appropriate in his case.

1

on November 6, 2006. The fourteenth interrogation took place on March 3, 2007.  Each "Interrogation Report" summarizes in detail the purpose of the interrogation, the questions asked by the interrogators and the answers elicited from Mr. Mohammed.

The reports do not document what Mr. Mohammed was told by his interrogators before the interrogation, if was informed that could refuse to be interrogated, whether he could consult an attorney, whether he had a right to the assistance of an attorney, or if he could even speak to a Red Cross volunteer.  The interrogation reports do no document that Mr. Mohammed was informed that he had constitutional protections while he was in the custody of the United States Armed Forces.

**ARGUMENT**

I. **THE 14 STATEMENTS TAKEN FROM MR. MOHAMMED BEGINNING ON NOVEMBER 6, 2006 THROUGH MARCH 3, 2007 MUST BE SUPPRESS AS THEY WERE INVOLUNTARILY AND TAKEN IN VIOLATION OF HIS CONSTITUTIONAL RIGHT AGAINST SELF INCRIMINATION**

A. This Court must suppress Mr. Mohammed's statements unless the government demonstrates that they were made voluntarily

The government has alleged that Mr. Mohammed made approximately fourteen statements to United States law enforcement agents while he was in their custody in Afghanistan. Mr. Mohammed allegedly made admissions concerning being present during narcotics sales and of growing and selling opium before the fall of the Taliban Government.  Mr. Mohammed made other statements during the many interrogations that he was subjected to.  Before introducing those statements at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statements were voluntary.  See Mincey v. Arizona, 437 U.S. 385, 398 (1978); Lego v. Twomey, 404 U.S. 477, 489 (1972).  The test for

2

voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." Culombe v. Connecticut, 367 U.S. 568, 602 (1961).

The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." Mincey, 437 U.S. at 401. The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily. Fikes v. Alabama, 352 U.S. 191, 197 (1957); see also Gallegos v. Colorado, 370 U.S. 49, 52 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible "involves close scrutiny of the facts of individual cases").

Specifically, the Court must examine the government's efforts to overbear Mr. Mohammed's free will in relation to his capacity to resist those efforts. See Davis v. North Carolina, 384 U.S. 737 (1966). The Court must examine Mr. Mohammed's background, experience, and conduct to determine whether his statements were the product of a "rational intellect and a free will." Blackburn v. Alabama, 361 U.S. 199, 207-08 (1980). The Court must suppress Mr. Mohammed's statements unless the government can demonstrate, in light of all of these considerations, that the statements were made voluntarily.

B.  This Court must suppress Mr. Mohammed's statements because they were obtained in violation of Miranda v. Arizona

Even if the statements were made voluntarily, suppression is required under " Miranda v. Arizona, 384 U.S. 436, 444 (1966). Because Mr. Mohammed was not apprised of his right against self incrimination while in custody of the United States Armed Forces, the government cannot introduce the statements in its case-in-chief. See, e.g., Pennsylvania v. Muniz, 496 U.S.

3

582, 589-90 (1990). A person is in "custody" for purposes of <u>Miranda</u> when he "has been . . . deprived of his freedom of action in any significant way." <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966). "[T]he term 'interrogation' under <u>Miranda</u> refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." <u>Rhode Island v. Innis</u>, 446 U.S. 291, 301 (1980). The government will be unable to demonstrate that Mr. Mohammed's statements were not made in response to custodial interrogation -, i.e., in response to words or actions that the law enforcement agents should have known would elicit incriminating answers.

## **CONCLUSION**

For the foregoing reasons, defendant Khan Mohammed moves the Court to suppress the statements that he allegedly made to interrogators beginning November 6, 2006 through March 3, 2007.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> KHAN MOHAMMED ) | Criminal No.: 06-357(CKK) |

**ORDER**

That upon consideration of Khan Mohammed's Supplemental Motion to Suppress Statements, in relation to the above-captioned case it is hereby,

**ORDERED** that all statements allegedly made by Mr. Mohammed to United States Armed Forces personnel between November 6, 2006 through March 3, 2007 are Suppressed;

**SO ORDERED**

_____                                              _____
DATE                                                     COLLEEN KOLLAR-KOTELLY.
                                                         UNITED STATES DISTRICT JUDGE

Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004

Matthew Stiglitz
Trial Attorney
United States Department of Justice
1400 New York Ave., The Bond Building
8th Floor
Washington, D.C. 20530