UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal Case No. 06-357 (CKK) |
| | : |
| KHAN MOHAMMED | : |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE IMPROPER
IMPEACHMENT WITH EXTRINSIC EVIDENCE**

The United States of America, by and through counsel, respectfully submits its Motion in Limine to preclude improper impeachment of a government witness. In support thereof, the United States submits the following points and authorities and any other such points and authorities as may arise at any hearing on this motion.

BACKGROUND

On October 29, 2006, the defendant was arrested by Afghan authorities, and, after a short period of questioning by the DEA, he was transferred to the custody of the U.S. military, where he remained until he was brought to the United States on November 5, 2007 and turned over to civil authorities. During his time in military custody, the defendant was periodically interviewed by members of the military, who inquired about various topics, including the circumstances surrounding the drug case.[1]

One of the topics that frequently arose was that of the confidential source (CS) who formed the backbone of the government's case against the defendant, having recorded several conversations with him and making two separate controlled purchases of drugs either from him or with his

---

[1] The government does not intend to offer any evidence of these interviews in its case-in-chief.

1

assistance. In addition to outright denials and such claims as staged recordings with someone who sounded like him but was not, the defendant made several observations in an attempt to either ascribe a motive for the CS to fabricate evidence or lie against him, or to otherwise impugn his credibility. One example of the latter was his accusation, based on apparent hearsay, that the CS had been convicted of theft, had spent several months in jail, and was set to serve an 18 year sentence when he was released after people from his village vouched for him.

This allegation is completely uncorroborated, and is denied by the witness.[2]

## ANALYSIS

I)   The Court Should Find The Uncorroborated Hearsay Allegation of Theft Inadmissible Under Fed. R. Evid. 608

An attack on the character of a witness and the use of specific instances of conduct relating to character is governed by Fed. R. Evid. 608. Specifically, Rule 608(b) bars the use extrinsic evidence to prove specific instances of conduct. Further, the rule bars even the inquiry into such instances, unless and until the court finds such inquiry to be probative of truthfulness or untruthfulness.[3] The court has broad authority to control the admission of evidence and the scope

---

[2]According to the witness, he was accused of theft some years ago, but was never arrested, incarcerated or convicted. In fact, he states that another man was ultimately found to have committed the offense.

[3]In its entirety, Rule 608 states:
(a) Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness is attacked by opinion or reputation evidence or otherwise.
(b) Specific instances of conduct. Specific instances of conduct of witness, for the purpose of attacking or supporting the witness's credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the

of cross-examination, as well as discretion in determining whether or not any line of impeachment questioning will be probative of truthfulness or untruthfulness. See United States v. Rovetuso, 768 F.2d 809 (7th Cir. 1985). That said, the government submits that an unsubstantiated allegation of theft (not to mention the allegation of conviction and sentence) is not sufficiently probative of truthfulness. In cases with similar unsubstantiated allegations of theft the refusal of trial courts to permit cross-examination of a government witnesses has been routinely upheld. See, United States v. Estell, 539 F.2d 697 (10th Cir. 1976) (held that it was within the district court's discretion to preclude the cross-examination of a government witness about an allegation of theft, finding the court can properly act to prohibit a line of questioning where there is no valid interest being served other than shifting the emphasis from the accused persons to the witness); United States v. Lamb, 99 Fed.Appx. 843 (10th Cir. 2004) (court precluded cross-examination of a witness as to a prior arrest for auto theft because the witness was merely arrested and never tried, much less convicted, for the alleged theft, and therefore the allegation had no bearing on the witness's character for truthfulness).

A mere allegation of theft does not necessarily implicate a character for untruthfulness. See United States v. LeCompte, 108 F.3d 948 (8th Cir. 1997). In LeCompte, the defendant wanted to impeach a witness regarding allegations that she had stolen money from her former employer, contending that the evidence was relevant to the issue of the witness's credibility. The court's refused to permit this, on the grounds that the unsubstantiated accusation by other employees was not probative on the issue of credibility, lacking sufficient foundation. This ruling was upheld. Id.

---

witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified. The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of the accused or the witness's privilege against self-incrimination when examined with respect to matters which relate only to credibility.

Even before the Court is required to make a ruling concerning probative value, counsel must have a reasonable basis for asking questions on cross-examination which tend to incriminate or degrade the witness, thereby creating an unfounded bias which subsequent testimony cannot fully dispel. The questioner must be in possession of some facts which support a genuine belief that the witness committed the offense or the degrading act to which the question relates. United States v. Sampol, 636 F.2d 621 (D.C. Circ. 1980) citing United States v. Fowler, 465 F.2d 664 (D.C. Cir. 1972). Of particular note is United States v. Lin, 101 F.3d 760 (D.C. Cir. 1997). In Lin, the defendant was prohibited on cross-examination from asking a government witness whether he was involved in a gambling business. When the district court asked the defense to produce some basis for the allegation, the defendant could only proffer himself. Id. at 767. The court found that the proffer was not sufficient to form a good faith basis upon which to initiate a highly prejudicial line of cross-examination. Affirming the ruling, the Court of Appeals added that when the subject of the question is prejudicial, such questioning requires a reasonable grounding in fact. Id. at 768.

The CS denies that the alleged theft ever took place and will do so on the stand.[4] The defendant himself is the only individual that alleges that the alleged theft took place and that the CS was convicted and sentenced for it. Similar to Lin, other than the defendant himself, there no other evidence to corroborate the his allegation.

Given the prior statements by the defendant concerning the CS to the military, it is not unreasonable to assume that he has made similar representations to counsel, who may attempt to pursue them in cross-examination of the CS. This conduct is alleged solely by the defendant and is

---

[4]The government proffers that when asked, the CS's answer to the allegation of theft will be a denial. If the Court is not satisfied with this proffer, the government would suggest conducting the questioning of the CS on this subject outside the hearing of the jury, so that the court itself may hear the witness's answer, thus avoiding prejudice to the jury.

entirely unsubstantiated. Any attempt to impeach the witness with this prior allegation would be improper under Rule 608(b).

II)   Even If Probative, Inquiry into Such Evidence Should Be Prohibited Pursuant to Fed. R. Evid. 403

A court may properly decide that a particular inquiry has no probative value at all, or that its probative value is outweighed by the potential for confusion, undue prejudice, delay, or for misleading the jury. See Fed. R. Evid. 403; Fed R. Evid.608(b) advisory committee's note ("[T]he overriding protection of Rule 403 requires that probative value not be outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury").

Notwithstanding the potential relevancy of inquiry under Rule 608, such inquiry should be prohibited under Rule 403, as any probative value is substantially outweighed by the danger of unfair prejudice. In this instance, the uncorroborated allegation of theft, knowing that the witness will deny it, will only serve to improperly influence the jury's view of the witness and his testimony. Such prejudice to the government's case outweighs what little (if any) probative value is attached to such an allegation.

III)   If the Court Permits and Inquiry on the Allegation and it Is Denied, the Defendant May Not Offer Further Proof.

If the Court were to find that the uncorroborated allegation of theft is probative on the issue of trustworthiness and that it's probative value outweighs any unfair prejudice, the defendant would be "stuck with" any denial of the witness, and would not be able to offer further proof of the theft, to include inquiry of the defendant should he testify.

A witness' credibility may not be impeached by extrinsic evidence of specific instances of conduct. Fed. R. 608(b). Accordingly, were the Court to permit the defense to inquire about such matters, the witness's answers are final. See United States v. Bynum, 3 F.3d 769 (4th Cir. 1993) (Refusal to permit testimony of defense witness to rebut cooperating witness' denial of prior narcotics trafficking affirmed); United States v. White, 116 F.3d 903 (D.C. Cir. 1997) (explaining that when the credibility of a witness is attacked using specific examples of misconduct, under Rule 608(b) those instances cannot be proven by extrinsic evidence of any kind); United States v. Frost, 914 F.2d 756 (6th Cir. 1990) ("Rule 608(b) prohibits such extrinsic evidence regarding credibility and that defense counsel are 'stuck with' the response given on cross-examination.").

The purpose of this rule is to prevent cross-examination from getting too far afield and developing into a trial within a trial. LeCompte, 108 F.3d at 951 (noting that the rule prevents mini-trials that shift the attention from the true issue at hand - the guilt or innocence of the defendant). See also United States v. Martz, 964 F.2d 787 (8th Cir. 1992) ("Rule 608(b) gives the Court discretion to allow questioning during cross-examination on specific bad acts not resulting in conviction for a felony if those acts concern a witness's credibility. [citation omitted] The Rule, however forbids the use of extrinsic evidence to prove that the specific bad acts occurred. The purpose of barring extrinsic evidence is to avoid holding mini-trials on peripherally related or irrelevant matters."); United States v. Sellers, 906 F.2d 597 (11th Cir. 1990 ) (court precluded the defense from cross-examining a government witness about pending theft charges because the court wanted to prevent putting the witness on trial and instead focus on the relevant issue of the defendant's guilt.)

Prior to the adoption of the Federal Rules of Evidence, it was the law in this Circuit that a witness could not be impeached on collateral issues. See United States v. Robinson, 530 F.2d 1076, 1079 (D.C. Cir. 1976) ("Ordinarily a witness may not be impeached as to credibility by producing extrinsic evidence of prior instances of misconduct short of conviction. If a witness stands his ground and denies the alleged misconduct, the examiner must 'take the answer' and cannot call other witnesses to prove the discrediting acts, lest the trial spin off into a series of sub-trials on collateral issues both confusing and time consuming."); Lee v. United States, 368 F.2d 834, 837 (D.C. Cir. 1966) ("The rules of evidence observed in this jurisdiction, as elsewhere, did not countenance the impeachment of witnesses by otherwise inadmissible evidence directed to collateral issues").

## CONCLUSION

Under the circumstances, the allegation of theft, barring any further corroborating evidence, is insufficient to merit examination pursuant to Rule 608(b). Even if it were probative, it's probative value is substantially outweighed by the unfair prejudice that would accompany such an allegation-

particularly if (as in this case) it remains unproved.

For all of the foregoing reasons, the Government respectfully requests that the Court grant this motion, precluding inquiry on cross-examination.

Respectfully submitted,

KENNETH A. BLANCO, Chief
Narcotic and Dangerous Drug Section


_____/s/ Matthew Stiglitz_____
Matthew Stiglitz.
Julius Rothstein
Trial Attorneys
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W., 8th Floor
Washington, D.C.  20530
(202) 305-3646
matthew.stiglitz@usdoj.gov


Certificate of Service

I hereby certify that a copy of the foregoing motion was filed this 22nd day of February, 2008 with ECF, which will forward a copy to Carlos Vanegas, Esq., counsel for the defendant.

_____/s/ Matthew Stiglitz_____
Matthew Stiglitz