UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | Criminal No.: 06-357(CKK) |
| KHAN MOHAMMED | ) ) ) ) | |

**DEFENDANT'S MOTION FOR LEAVE TO LATE FILE HIS OPPOSITION TO GOVERNMENT'S MOTION TO PRECLUDE IMPROPER IMPEACHMENT AND REQUEST FOR A <u>LEWIS</u>[1] CRIMINAL BACKGROUND CHECK OF THE CONFIDENTIAL SOURCE**

Defendant, Khan Mohammed, through undersigned counsel, respectfully moves the Court to grant his Motion for Leave to Late File his Opposition to the Government's Motion to Preclude Improper Impeachment and Request for a <u>Lewis</u> Criminal background check of the Confidential Source.

As grounds for this Motion undersigned states:

1. Mr. Mohammed is before the Court charged in a two-count indictment with Distribution of One Kilogram or More of Heroin intending and knowing that the Heroin will be unlawfully imported in the United States in violation of 21 U.S.C. § 959 960, Aiding and Abetting in violation of 18 U.S.C. § 2 and distribution of heroin and opium knowingly or intending to provide anything of pecuniary value to a person or organization engaged in terrorist activities in violation of 21 U.S.C. 960(a), 841(a), 841(b)(1)(A)(I) and 18 U.S.C. § 2.

2. Pursuant to the Court's Scheduling Order, undersigned counsel was to submit Mr.

---

[1] The request is made pursuant to <u>Lewis v. United States</u>, 393 A.2d 109 (D.C.1978), *aff'd on rehearing* , 408 A.2d 303 (D.C.1979)

Mohammed's response to the Government's Motion to Preclude Improper Impeachment with Extrinsic Evidence by Monday, March 3, 2008.

3. Undersigned counsel was unable to meet the Court's deadline on account of the time needed to learn specific information concerning the allegation that the confidential source was previously convicted and where the information can be located. With the latter information, undersigned counsel had the basis to request from the government a criminal background check of its main witness, the confidential source.

4. Undersigned counsel apologizes to the Court and Government for any inconvenience caused by the late filing of Mr. Mohammed's Opposition Memorandum and his request for a Lewis criminal background check.

WHEREFORE, undersigned counsel respectfully moves the Court to grant his Motion for Leave to Late file Mr. Mohammed's Opposition Memorandum and Request for a Lewis check of the Confidential Source.

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**KHAN MOHAMMED** | )<br>)<br>)<br>)   Criminal No.: 06-357(CKK)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

That upon consideration of defendant's Khan Mohammed's Motion For Leave To Late File his Opposition to the Government's Motion To Preclude Improper Impeachment With Extrinsic Evidence and his Request for a <u>Lewis</u> criminal background check of the Confidential Source; it is hereby

**ORDERED** that the Motion For Leave to Late File the Opposition Memorandum and <u>Lewis</u> request are hereby **GRANTED**; and it is

**SO ORDERED**

_____                                              _____
DATE                                                                  COLLEEN KOLLAR-KOTELLY.
                                                                              UNITED STATES DISTRICT JUDGE

Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004

Matthew Stiglitz
Julius Rothstein
Trial Attorney
United States Department of Justice
1400 New York Ave., The Bond Building
8th Floor
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KHAN MOHAMMED )<br>) | Criminal No.: 06-357(CKK) |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO
PRECLUDE IMPROPER IMPEACHMENT AND REQUEST FOR A LEWIS[1]
CRIMINAL BACKGROUND CHECK OF THE CONFIDENTIAL SOURCE**

Defendant, Khan Mohammed, through undersigned counsel, respectfully moves the Court to deny the government's Motion To Preclude Improper Impeachment with Extrinsic Evidence and requests a Lewis criminal background check of the confidential informant.

As grounds for his opposition, Mr. Mohammed states;

1.   Mr. Mohammed is before the Court charged in a two-count indictment with Distribution of One Kilogram or More of Heroin intending and knowing that the Heroin will be unlawfully imported in the United States in violation of 21 U.S.C. § 959, 960, Aiding and Abetting in violation of 18 U.S.C. § 2 and distribution of heroin and opium knowingly or intending to provide anything of pecuniary value to a person or organization engaged in terrorist activities in violation of 21 U.S.C. § 960(a), 841(a), 841(b)(1)(A)(I) and 18 U.S.C. § 2.

2.   The Court has scheduled trial for May 5, 2008. In anticipation of trial, the

---

[1]   See Lewis v. United States, 393 A.2d 109 (D.C.1978), *aff'd on rehearing*, 408 A.2d 303 (D.C.1979) ( holding that "if defense counsel, at trial, requests production of impeachable convictions of government witnesses, those convictions must be produced.").

government filed a Motion in Limine To Preclude Improper Impeachment with Extrinsic Evidence. Specifically, the government seeks to preclude the defense from examining the confidential source on a prior conviction for theft in which he was sentenced to a prison term. The government finds support for disputing the existence of the conviction in the statements of the confidential source. Noteworthy is the confidential source's admission that he in fact "was accused of theft" but was never arrested, incarcerated or convicted. See Gov. Motion at 2, fn 2. The Confidential Source does not dispute that a crime was committed but only that "another man was ultimately found to have committed the offense." Id. The government's reliance on their main witness to dispute a prior conviction is a wholly inadequate basis to deprive Mr. Mohammed of his constitutional right to confront the main prosecution witness on a material matter.

    3.    Far from providing an explanation to preclude cross examination the confidential source provides sufficient reason to allow it. Additionally, the only way that this matter can be conclusively resolved is through the government essentially conducting a Lewis criminal background check of the confidential source.

    4.    Undersigned counsel has a good faith belief that the confidential source was charged and convicted sometime during the summer or autumn of 2005. The charge and conviction were lodged and archived in the Prosecutor's Office in the city of Jalalabad in Nangarhar Province, Afghanistan. Jalalabad is 90 miles from Kabul, the capital of Afghanistan, and accessible to United States law enforcement and military personnel who can properly investigate the confidential source's conviction. In the absence of a Lewis investigation which is exclusively available to the United States government and the government of Afghanistan, the

Court should deny the government's request to preclude Mr. Mohammed from cross examining the confidential source on his prior conviction for theft.

5. The United States government has at its disposal the resources available to do a thorough Lewis background check of all of its witnesses including those from Afghanistan. The North Atlantic Treaty Organization ("NATO") currently has 43,250 thousand soldiers stationed in Afghanistan, of which American soldiers comprise by far the highest percentage of that total[2]. Within Afghanistan the United States military is in charge of the area that covers Bagram Airbase and Nagarhar Province, and its capital city of Jalallabad.

In light of the United States's government overwhelming resources and strong relationship with the Government of Afghanistan, the Court should deny the government's request unless it can provide documentation that the charged and conviction of the confidential source was dismissed and that another person was actually charged.

## ARGUMENT

I. Mr. Mohammed has a Sixth Amendment Right to Confront the Confidential Source with prior convictions, evidence of bad acts and bias.

The Confrontation Clause of the Sixth Amendment guarantees the right of an accused to "be confronted with the witnesses against him." U.S. Const. amend. VI; see also Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986). "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." Id. "The right to cross-examination includes the opportunity to show that a witness is biased, or that the testimony is

---

[2] See NATO in Afghanistan published online at http://www.nato.int/issues/afghanistan/index.html

exaggerated or unbelievable." Pennsylvania v. Ritchie, 480 U.S. 39, 51-52 (1987).

The general rule is that cross examination of a witness on specific instances of conduct, for the purpose of attacking or supporting his credibility, other than conviction of a crime as provided in Rule 609, may not be provided by extrinsic evidence. Federal Rule of Evidence 608(b). However, The Supreme Court has held that when the extrinsic evidence goes to impeach the witness to expose biases, prejudices, or ulterior motives as they may relate to issues or personalities in the case at hand, that evidence will be allowed. United States v. Abel, 469 U.S. 45, 54 (1984).

In United States v. Abel, the trial court allowed evidence that a government witness was a member of the Aryan Brotherhood. The witness had disavowed membership in the organization on cross examination, and the defendant argued on appeal that under Rule 608(b) the questioner is limited to the witness' answer and is not allowed to introduce extrinsic evidence of the witness' past conduct. Id. at 55. The Court of Appeals disagreed and reversed the conviction. The Supreme Court, reversed The Court of Appeals, reinstating the conviction. The Court held that while the Federal Rules of Evidence do not specifically deal with impeachment for bias they do expressly treat impeachment by character evidence and conduct and that this treatment combined with the constitutional right to confrontation requires a defendant have the opportunity to show bias.

In Davis v. Alaska, 415 U.S. 308 (1974), the Supreme Court held that the defense should have been able to cross examine the government's star witness as to his adjudication as a juvenile delinquent relating to a burglary and his probation status at the time of his trial. The Court emphasized that "exposure of a witness' motivation in testifying is a proper and important

function of the constitutionally protected right of cross examination." Id. at 316-317. The Court also noted that "[s]ubject always to the broad discretion of the trial judge to preclude repetitive and unduly harassing interrogation, cross-examiner is not only permitted to delve into witness' story to test witness' perceptions and memory, but is traditionally allowed to impeach, that is, discredit the witness." Id. at 316.

Where the witness being impeached is the government's star witness, as is true in the case at hand, the importance of cross examination is increased. United States v. Calle, 822 F.2d 1016 (11th Cir. 1987). In Calle, the Court wrote: "The importance of full cross-examination is necessarily increased when a witness the accused seeks to cross-examine is the 'star' government witness, providing an essential link in prosecution's case." Id. at 1020 ( quoting United States v. Summers, 598 F.2d 450, 460 (5th Cir.1979)). In Calle, the court held that a new trial was required because the trial judge should have allowed the defense to rebut the testimony of the government's star witness. The court held that "evidence relevant to a material issue is not rendered inadmissible because it happens to include references to specific bad acts of a witness." Id. at 1021.

In United States v. Anderson, 881 F.2d 1128 (D.C. Cir. 1989), the court found reversible error where the district court prevented the defendant from cross-examining the prosecution's witness regarding an unrelated murder indictment that had been dismissed without prejudice eleven months before the trial.  The court held that the district court had violated the appellant's confrontation rights under the Sixth Amendment and that the jury might reasonably have found that the government's ability to reinstate the murder charge would have furnished the witness with a motive for favoring the prosecution in her testimony.  The Court held that the trial judge "

'may limit cross-examination only after there has been permitted, as a matter of right, a certain threshold level of cross-examination which satisfies the constitutional requirement.' " United States v. Anderson, 881 F.2d 1128, 1139 (D.C. Cir. 1989) ( quoting United States v. Christian, 786 F.2d 203, 213 (6th Cir. 1986)).

II.     FRE 404(b) permits Mr. Mohammed to cross examen the Confidential Source for bias

Rule 404(b) provides, in relevant part:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent preparation, plan, knowledge, identity, or absence of mistake or accident . . .

Although [Rule 404(b) is stated as a restriction, the Rule is actually one of 'inclusion rather than exclusion.'" Cassell, 292 F.3d at 792. In this case, the government's entire case hinges on the confidential sources' credibility, and Mr. Mohammed has a Fifth Amendment right to present a defense that the confidential source has prior conviction and is biased. This evidence is relevant under Rule 404(b) to show both the confidential source's bias and motive to lie in this case, and absence of mistake or accident.

Finally, the relevance of this information outweighs any potential unfair prejudice. The evidence is relevant to a proper Rule 404(b) purpose, and any potentially unfair prejudice can be addressed through a proper limiting jury instruction. See Cassell, 292 F.3d at 796 ("In this case, the evidence was offered for a proper purpose under Rule 404(b)–to establish Cassell's knowledge and intent.

Wherefore, defendant respectfully moves the Court to deny the government's Motion to Preclude Improper Impeachment with Extrinsic Evidence and moves the Court to require the

Government to conduct a <u>Lewis</u> criminal background check of the confidential source.

          Respectfully submitted,

          A.J. Kramer
          Federal Public Defender


          _____/s/_____
          Carlos J. Vanegas
          Assistant Federal Public Defender
          625 Indiana Ave., N.W., Suite 550
          Washington, D.C.  20004
          (202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KHAN MOHAMMED ) | Criminal No.: 06-357(CKK) |

**ORDER**

That upon consideration of defendant's Khan Mohammed's Opposition to the Government's Motion to Preclude Improper Impeachment with Extrinsic Evidence and his request for a <u>Lewis</u> criminal background check of the Confidential Source it is hereby

**ORDERED** that the Government's Motion to Preclude Improper Impeachment is hereby **DENIED**; and it is

**FURTHER ORDERED** that the defendant's request for a <u>Lewis</u> Criminal background check of the Confidential Source is hereby **GRANTED**

**SO ORDERED**

_____  
DATE

_____  
COLLEEN KOLLAR-KOTELLY.  
UNITED STATES DISTRICT JUDGE

Carlos J. Vanegas  
Assistant Federal Public Defender  
625 Indiana Ave., N.W., Suite 550  
Washington, D.C. 20004

Matthew Stiglitz, Julius Rothstein  
Trial Attorneys  
United States Department of Justice  
1400 New York Ave., The Bond Building  
8th Floor  
Washington, D.C. 20530