UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 06-357 (CKK) |
| | : | |
| KHAN MOHAMMED | : | |

**REPLY TO DEFENDANT'S OPPOSITION TO
GOVERNMENT'S MOTION FOR ANONYMOUS JURY**

The United States of America, by and through its attorney, the United States Department of Justice, respectfully files its Reply to Defendant's Opposition to Government's Motion to empanel an anonymous jury.[1]

The defendant argues that there is no factual basis for the Court to empanel an anonymous jury. Contrary to the defendant's characterizations, the government's evidence in this case is complete, convincing, and compelling. The facts of this case, which involve the defendant's willingness to carry out a missile attack on an American airbase, the defendant's ties to the Taliban, a known terrorist group with a history of killing its opponents, and the charges in the present indictment should give the Court concern about the safety of the jurors.

At trial, the government will produce evidence, including live testimony and the defendant's recorded statements, that will show he conspired to attack an American airbase and was willing to do so at the request of a Taliban leader. The government intends to produce evidence that the defendant knew growers of opium, opium wholesalers, heroin producers, and

---

[1] The government previously filed <u>under seal</u> an unopposed Motion in Limine regarding witness' use of pseudonyms. We now incorporate the facts, arguments and authority made in that filing. The government will not address those specific factual instances in this public filing, primarily because that filing was made under seal. However, the same facts which underlie that motion are relevant in the Court's analysis of the safety of the jurors and this instant motion.

money launderers, and that he used that knowledge to facilitate the sales of almost 11 kilograms of opium and 2 kilograms of heroin which were intended for importation to the United States. The government also intends to introduce the defendant's recorded statements that he considered his sales of dangerous drugs for importation to the United States, as well as the planned missile attack in this investigation and his previous attacks, as methods of bringing *Jihad* to the American people. This case also involves the first ever Afghan national prosecuted for *narco-terrorism* activities under Title 21, United States Code Section 960a. Although the government is not aware of any media coverage about this case, it is likely that the media will learn about and report on this case because of the subject matter, the statute, and the defendant.

Most importantly, based upon the facts presented in the unopposed motion under seal for use of pseudonyms, the government believes there is a concern for the safety of witnesses and the jurors. If safety issues for witnesses have arisen, the Court should also be concerned about juror's safety. See United States v. Edmond, 52 F.3d 1080, 1093 (D.C. Cir.1995), cert. denied, 516 U.S. 998 (1995) (anonymous jury warranted and based, in part, on threats against witnesses). The Court should want the jury to decide this case on the merits and the facts presented in evidence. Both the defendant and the government will benefit from having a jury that is not affected my media information, harassment, or the fear of reprisals from radical terrorist organizations who are sympathetic to the Taliban.

The defendant also goes to great lengths to point out the obvious: that the instant case is not a gang case. Because it is not, the defendant argues that an anonymous jury is not warranted. Defendant's analysis is misplaced. In United States v. Koubriti, 252 F.Supp.2d 418 (E.D.Mich. 2003), the District Court found that empaneling an anonymous jury was appropriate in a case

involving three defendants charged with possessing false and fraudulent documents, such as passports, visas and social security cards. Although the case dealt with an FBI/Joint Terrorism Task Force investigation following the September 11, 2001 attacks, it did not involve charges of violence, terrorist attacks, or allegations of organized crime. Although the Court acknowledged that the use of anonymous juries most often occurred in cases involving organized crime, it stressed that such discretionary use was not precluded in other types of prosecutions.

> As the Krout[2] factors suggest, the paradigmatic situation justifying an anonymous jury is an organized crime trial, where the safety of the jurors becomes an overriding concern. However, contrary to what Defendants suggest in their Motion, it is not only in organized crime trials or in other instances where the jurors' safety is jeopardized that the withholding of identifying juror information is appropriate. Even when safety is not an issue, when the case attracts unusually large media attention or arouses deep passions in the community, anonymous juries have been approved.

Koubriti, 252 F.Supp.2d at 421.

The Court in Koubriti also acknowledged that Courts should examine the need to empanel an anonymous jury based on the "totality of the circumstances." Id. The Court explained how the use of anonymous juries were upheld even when the cases did not deal with organized crime or expected danger to the jury. See United States v. Branch, 91 F.3d 699 (5th Cir. 1996), cert. denied, 520 U.S. 1185 (1997) (anonymous jury was appropriate because of enormous media attention and emotionally charged atmosphere); United States v. Dakota, 197 F.3d 821 (6th Cir. 1999) (bribery and tax fraud case where the Court tried to minimize pre-trial publicity); United States v. Vario, 943 F.2d 236 (2d Cir. 1991), cert. denied, 502 U.S. 1036 (1992) (anonymous jury based on the possibility of pre-trial publicity).

---

[2]United States v. Krout, 66 F.3d 1420, 1427 (5th Cir. 1995).

In Koubriti, the District Court approved the use of an anonymous jury, in part, because it was the first terrorism prosecution following the September 11 attacks. The Court's reasoning included an emotionally charged atmosphere, heightened media attention, and the potential for juror harassment. Koubriti, 252 F.Supp.2d at 422. The Court also reasoned that "although the Court does not believe the safety of the jurors is directly implicated by virtue of their service on this jury, given the nature of the charges and the high emotions such a case raises, the Court cannot, of course, give an absolute guaranty that juror safety is not a factor of which the Court must be cognizant." Id.

Contrary to the defendant's assertions, the government has not attempted to create "climate of fear" (Defendant's Opposition, p. 4) in requesting empaneling of an anonymous jury. As suggested by the government, the Court can instruct the jury of the anonymous procedures without prejudicial affect to the defendant.[3] As the Court did in United States v. Edelin, 128 F.Supp.2d 23, 45 (D.D.C.2001), this Court need not, and should not, explain the reasons why the Court chose to empanel an anonymous jury. Furthermore, unlike in almost every trial in this District where the Court used an anonymous jury, the government is not asking for the Court to issue an order requiring the U.S. Marshal Service to pick up jurors at a different undisclosed location every day. Although the government does not know the U.S. Marshal's operational plan

---

[3] In Edmond, 52 F.3d at 1093, prior to the voir dire process, the district court explained that "it is common practice followed in many cases in the Federal court to keep the names and the identities of the jurors in confidence. This is in no way unusual. It is a procedure being followed in this case to protect your privacy even from the Court." The district court further instructed the jurors that the defendants enjoyed a presumption of innocence, and then repeated this instruction at the beginning and end of the trial. Id. The Court should similarly instruct the jury in this case, and assume that they will follow the Court's instructions. See United States v. Edelin, 128 F.Supp.2d 23, 45 (D.D.C.2001).

for courtroom security in this case, the inspector who interviewed the prosecutors in this case commented that the government's request to withhold jurors names, addresses and places of employment was not unlike most D.C. Superior Court jury trials.

Furthermore, like in Koubriti, the defendant here has failed "to establish that refusing to release the names, addresses, or places of employment of prospective jurors prejudices [his] ability to select an impartial jury. Koubriti, 252 F.Supp. 2d at 422. By employing similar procedures and instructions that this Court has used in other anonymous panels, the Court will adequately minimize any potential prejudice to defendant.

## CONCLUSION

In sum, considering the circumstances of this case and the allegations in the indictment, the requested procedures, including the empanelment of an anonymous jury, are appropriate security precautions that will not violate any of the defendants' rights. The Court should therefore grant the government's motion.

        Respectfully submitted

        KENNETH A. BLANCO, Chief
        Narcotic and Dangerous Drug Section


        _____*/s/ Julius Rothstein*_____
        JULIUS ROTHSTEIN, Deputy Chief
        Narcotic and Dangerous Drug Section
        D.C. Bar No. 4500036
        U.S. Department of Justice
        1400 New York Avenue, N.W.
        8th Floor
        Washington, D.C. 20530
        (202) 514-5540
        julius.rothstein@usdoj.gov


        _____*/s/ Matthew Stiglitz*_____
        Matthew Stiglitz
        Trial Attorney
        Narcotics and Dangerous Drug Section
        U.S. Department of Justice
        1400 New York Avenue, N.W.
        8th Floor
        Washington, D.C. 20530
        (202) 305-3646
        matthew.stiglitz@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing motion was electronically filed this 7th day of March 2008 via ECF, which will forward a copy to Carlos Vanegas, Esq., counsel for the defendant.

                                        */s/ Julius Rothstein*
                                        JULIUS ROTHSTEIN