UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal Case No. 06-357 (CKK) |
| | : |
| KHAN MOHAMMED | : |

**RESPONSE TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE AND HIS REQUEST FOR A LEWIS CHECK**

The United States, by and through undersigned counsel, respectfully files this response to Defendant's Opposition to the Government's Motion in Limine to Preclude Improper Impeachment and his request for a Lewis[1] check.[2]  In support of said response, the government states as follows:

I) Procdural History

On February 22, 2008, the Government filed a Motion in Limine, in which is sought to preclude as improper, under Fed. R. Evid. 608 and 403, potential impeachment of a government witness, based on the defendant's uncorroborated allegation that the witness had previously been arrested, prosecuted and sentenced for theft- an allegation the witness has denied.

On March 7, 2008, the defendant requested that the government perform a Lewis check with Afghan authorities to determine whether the witness had a records.  In responding to the

---

[1] 393 A.2d 109 (D.C. 1978).

[2] The defendant filed his first response on March 7, 2008 (Document 24-3).  A second identical response was filed on March 10, 2008 (Document 27).  This response is to both, though in the body it makes reference only to the first filing.

1

government's motion, the defendant, essentially ignoring the government's argument and points of authority, argues that the allegation is admissible as evidence of bias or motive of the witness pursuant to Fed. R. Evid. 404(b).

II) <u>Lewis Check</u>

On Friday, March 14, 2008, DEA agents in Kabul, Afghanistan were tasked with contacting Afghan authorities in Jalalabad, Nangarhar Province, to determine what, if any, criminal record the witness in question had, including arrests, prosecutions or convictions. On April 3, 2008, the DEA reported back that a request for that information had been made through Afghan authorities, who reported that according to Colonel Asif Khan, Chief of Afghanistan's Counter Narcotics Police in Nangarhar Province, a review of the province's records was negative for any criminal history.

III) <u>Analysis</u>

In ignoring the government's argument concerning impeachment under Rule 608(b)), the defendant seems to implicitly acknowledge that the proposed impeachment is not probative on the issue of credibility in its typically direct form. Rather, he cites several cases for the proposition that he should be permitted wider latitude to cross-examine than provided by Fed. R. Evid. 608(b), because he is offering this allegation in an attempt to establish the witness' "motive" or "bias". This argument is untenable, given the facts of this case (or lack thereof).

A)   No Bias or Motive Would Be Uncovered by Cross-Examination Concerning the Allegation.

The defendant's reliance on the cases he cites is fatally flawed, for unlike each of those cases,

he is unable to proffer an actual motive or bias that could reasonably be inferred from an inquiry into this unsubstantiated allegation of theft.

Each of the cases cited in the defendant's opposition share one of two scenarios- a criminal justice relationship between the prosecuting authority and the witness, or a criminal relationship between the witness and the defendant that is the source of the impeachment.

With respect to the first scenario, courts have found, to varying degrees, that when the witness has a recent or active criminal justice relationship with the prosecuting authority, there is a potential for bias.  See U.S. v. Anderson, 881 F.2d 1128 (D.C.Cir. 1989) (ability of government to reinstate murder charge of witness that had been dismissed without prejudice a mere 11 months prior to testimony potentially probative of bias); Davis v. Alaska, 415 U.S. 308 (1974) (witness' active probation probative of bias, as the witness may fear placing that probation in jeopardy by not aiding government); Delaware v. Van Arsdall, 475 U.S. 673 (1986) (dismissal of charge against witness in exchange for witness' promise to discuss murder at issue probative of bias).  The defendant also cites U.S. v. Calle, 822 F.2d 1016 (11th Cir. 1987), particularly for the proposition that where the witness at issue is the "star", then there is greater importance of "full cross-examination".  Id. at 1020. Ironically, the court in that case upheld the trial court's restriction of cross-examination of the witness, who was testifying for the government pursuant to a plea agreement, finding that counsel's inquiry concerning the witness' compliance with the terms of the plea agreement were "merely attempted excursions into collateral matters . . . not relevant to a core issue of the case." Id. (internal citation omitted).

The second scenario, where a criminal relationship exists between the witness and the defendant, is found in U.S. v. Abel, 469 U.S. 45 (1984).  In that case, the government was permitted

to impeach a defense witness with the fact that the witness and the defendant were both members of a prison gang (the Aryan Brotherhood) ". . . whose tenets required its members to deny its existence and 'lie, cheat, steal [and] kill' to protect each other", the Court finding this evidence probative of bias. Id. at 467.

In the present case, the defendant proffers no reason that the uncorroborated allegation of theft at issue is probative of bias or motive- he merely presents the words as a sort of talisman, no doubt hoping that their mere incantation will permit broader questioning. Assuming, *arguendo*, that what the defendant alleges actually occurred, the United States would have had absolutely nothing to do with the witness' arrest, prosecution or incarceration. For that matter, in the defendant's iteration, the witness was released from his sentence after an appeal by his village, which again the United States had no hand in, and which occurred some time prior to his coming to the attention of the DEA. With no involvement by the United States at any stage of the case and no pending sentence, there would be no motive for the witness to lie for the government out of a sense of fear of penal repercussion or sense of a debt owed to the government for resolving his case.

Similarly absent is a motive the witness would have, as a result of this theft allegation, to falsely testify against the defendant. At no time does the defendant purport to have had any association with the purported theft, its allegation or its prosecution. The only reason he raised the issue with his questioners was to discredit the witness- as a thief incapable of belief- the very issue addressed by the government in its Rule 608(b) argument, and now ignored by the defendant.[3]

---

[3]The defendant also mentions in passing the prospect that the alleged theft is relevant on the issue of absence of mistake or accident (Opp'n p. 6), though no attempt is made to explain, either directly or through case law, how this is so.

IV) <u>Conclusion</u>

For all of the foregoing reasons, the Government respectfully requests that the it's Motion *In Limine* be granted.

                    Respectfully submitted
                    KENNETH A. BLANCO, Chief
                    Narcotic and Dangerous Drug Section

                    _____*/s/ Matthew Stiglitz*_____
                    Matthew Stiglitz
                    Julius Rothstein
                    Trial Attorneys
                    Narcotics and Dangerous Drug Section
                    U.S. Department of Justice
                    1400 New York Avenue, N.W., 8th Floor
                    Washington, D.C. 20530
                    (202) 305-3646
                    matthew.stiglitz@usdoj.gov

Certificate of Service

I hereby certify that a copy of the foregoing motion was electronically filed this 3rd day of April 2008 via ECF, which will forward a copy to Carlos Vanegas, Esq., counsel for the defendant.

                    _____*/s/ Matthew Stiglitz*_____
                    Matthew Stiglitz