UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal Case No. 06-357 (CKK)** |
| | : | |
| **KHAN MOHAMMED** | : | |

### GOVERNMENT'S MOTION IN LIMINE
### SEEKING COURT APPROVAL TO HAVE LEAD AGENT
### SEATED AT COUNSEL TABLE THROUGHOUT TRIAL

The United States of America, by and through counsel, respectfully submits its Motion in Limine seeking the Court's approval to have the Government's lead investigative agent seated at counsel table throughout the trial. In support of this request, the United States directs the Court to the following points and authorities.

Federal Rules of Criminal Procedure

The Federal Rules of Criminal Procedure speak directly to this issue. Rule 615 codifies what is generally known as "The Rule on/of Witnesses" or "The Rule of Sequestration" requiring witnesses be excluded from trial proceedings so that they cannot hear the testimony of other witnesses. However, Rule 615 also delineates four separate exceptions to the general rule. The Government submits that the lead investigative agent, Special Agent Jeffrey Higgins of the Drug Enforcement Administration (DEA), meets two of these exceptions, and as such, he should be permitted to be seated at the Government's counsel table throughout the trial.

First, he is "an officer or employee of a party which is not a natural person," and by this pleading is "designated as its representative by its attorney." In this context, the pertinent party to this litigation is the Federal Government, and as a DEA agent he is obviously an employee of such.

The Federal Government's attorney in this matter is the Department of Justice, and as such we designate Agent Higgins as the Government's representative. Fed. R. Evid. 615(2)

This exception to the general rule against witness applies to investigative agents, such as Federal agents and police detectives. Fed. R. Evid. 615 (advisory notes). See United States v. Farnham, 791 F.2d 331, 334-35 (4th Cir. 1986) (under Rule 615(2) a district court may allow the government's investigating agent to remain in the courtroom throughout the proceedings, even if he is expected to testify). This exception to the rule does not require the Government to establish that the agent's presence is essential to the presentation of the case; that requirement applies solely to the third exception listed in the rule. The Government, therefore, may have an investigative agent present in the courtroom, even if the agent will testify.

### Congressional Intent

Congress clearly intended that this exception to Rule 615 apply to the Government's investigative agents. See Fed. R. Evid. 615 advisory committee's note; S.Rep. No. 1277, 93d Cong., 2d Sess. 26, reprinted in 1974 U.S.C.C.A.N. 7051, 7072-73.

### Precedent

Our own Court of Appeals has had occasion to address this issue. In United States v. Sullivan, 56 F.3d 1532, 1995 WL 364662 (D.C.Cir.), 312 U.S. App.D.C. 462 (1995), our appellate court ruled that the Government may designate a law enforcement officer to remain in the courtroom as the Government's representative. See United States v. Eiland, 2006 WL 516743, (D.D.C., March 2, 2006).

Numerous other courts have issued similar rulings. See, e.g., United States v. Phibbs, 999 F.2d 1053, 1072-73 (6th Cir. 1993) ("Rule 615(2) allows the government to have any law

enforcement officer it wants at its counsel table."), cert. denied, 114 S.Ct. 1070-71 (1994); United States v. Rivera, 971 F.2d 876, 889 (2d Cir. 1992); United States v. Adamo, 882 F.2d 1218, 1235 (7th Cir. 1989); United States v. Parodi, 703 F.2d 768 (4th Cir. 1983); United States v. Perry, 643 F.2d 38 (2d Cir. 1981), cert. denied, 454 U.S. 835 (1981).

Conclusion

For the foregoing reasons and based upon the prevailing authority, the Government seeks a pre-trial ruling allowing DEA Special Agent Jeffrey Higgins to remain in the courtroom, seated at the Government's counsel table throughout the trial in the instant matter.

Respectfully submitted,

KENNETH A. BLANCO, Chief
Narcotic and Dangerous Drug Section


　　　/s/ Julius Rothstein
Julius Rothstein
Matthew Stiglitz
Trial Attorneys
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W., 8th Floor
Washington, D.C.  20530
(202) 514-5540
julius.rothstein@usdoj.gov

<u>Certificate of Service</u>

    I hereby certify that a copy of the foregoing motion was filed this 23rd day of April, 2008 with ECF, which will forward a copy to Carlos Vanegas, Esq., counsel for the defendant.

                                       */s/ Julius Rothstein*
                                       Julius Rothstein

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal Case No. 06-357 (CKK)** |
| | : | |
| **KHAN MOHAMMED** | : | |

## PROPOSED ORDER

Based on the government's Motion for Permission to have its Case Agent present at counsel table during the trial proceedings, and any opposition and arguments presented to the Court, the Court finds that the government's motion shall be **GRANTED**.

_____
Colleen Kollar-Kotelly
United States District Judge
District of Columbia

Dated: _____