UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KHAN MOHAMMED ) | Criminal No.: 06-357(CKK) |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO PERMIT THE LEAD AGENT TO SIT AT COUNSEL TABLE THROUGHOUT TRIAL**

Defendant, Khan Mohammed, through undersigned counsel, respectfully moves the Court to deny the government's Motion To Permit the Case Agent from Sitting at Counsel Table throughout trial.

In support of his opposition, Mr. Mohammed states;

Mr. Mohammed moves to exclude all witnesses from the courtroom until after they have completed their testimony. Fed. R. Evid. 615 requires, subject to certain exceptions, a trial court to exclude witnesses so that they cannot hear the testimony of other witnesses upon the request of a party: At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. "The purpose of this Rule is to prevent witnesses from tailoring their testimony to that of earlier witnesses." United States v. Ell, 718 F.2d 291, 293 (9th Cir. 1983).

The instant case concerns a sting operation which was generally tracked and recorded either by audio and/or video. The investigation was limited to the targeting of Mr. Mohammed by a confidential source. The government's case is not unusually complex. At most the government intends to call four fact witnesses and one expert witness. Through the confidential

source the government will introduce the audio and video recordings which makes up the bulk of the evidence against Mr. Mohammed. In short, this is not a case where the two government attorneys are dealing with an inordinate number of witnesses and/or exhibits. Moreover, the case only implicates the United States Drug Enforcement Agency and a law enforcement agency from Afghanistan.

The evidence is not such that two experienced trial attorneys from the Justice Department are unable to manage it. Accordingly, the facts of the instant case are inapposite to United States v. Phibbs, 999 F.2d 1053 (6th Cir. 1993), which the government erroneously, relies on. In Phibbs, the Court qualified the agents as "essential" witnesses. Critical to the district court's ruling was a finding that government's evidence consisted of "[b]oxes of documents both from the Eastern District of Kentucky and the Eastern District [of] Tennessee." Id. at 1072. Additionally, the Court was concerned that having one case agent would be "unduly burdensome on the Court and time consuming." Id.

Because the tangible concerns that the court confronted in Phibbs are just not present in the instant case, this Court should deny the government's request to allow DEA Agent Higgins to sit at counsel table throughout the entire trial.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

_____/s/_____
Carlos J. Vanegas, Dani Jahn
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) | |
| v. | ) ) | Criminal No.: 06-357(CKK) |
| **KHAN MOHAMMED** | ) ) ) ) | |

**ORDER**

That upon consideration of Khan Mohammed's Opposition to the Government's Motion To Have the Lead Agent Sit At Counsel Table Throughout Trial, in relation to the above-captioned case it is hereby,

**ORDERED** that the Government's Motion is hereby **DENIED**;

**SO ORDERED**

_____                                                                      _____
DATE                                                                                      COLLEEN KOLLAR-KOTELLY.
                                                                                                   UNITED STATES DISTRICT JUDGE

Carlos J. Vanegas
Dani Jahn
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004

Matthew Stiglitz
Julius Rothstein
Trial Attorneys
United States Department of Justice
1400 New York Ave., The Bond Building
8th Floor
Washington, D.C. 20530