UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KHAN MOHAMMED<br><br>Defendant. | Criminal Action No. 06-357 (CKK)<br><br>**FILED**<br><br>APR 2 9 2008<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

ORDER
(April 29, 2008)

Currently before the Court is the Government's [35] Motion in Limine filed on April 23, 2008, asking the Court for "a pre-trial ruling allowing DEA Special Agent Jeffrey Higgins to remain in the courtroom, seated at the Government's counsel table throughout the trial." Gov't's Mot. at 3. Defendant filed an Opposition on April 28, 2008, requesting the exclusion of "all witnesses from the courtroom until after they have completed their testimony," including Special Agent Higgins. Def.'s Opp'n at 1-2. Defendant argues the Government's case is not unusually complex such that "two experienced trial attorneys from the Justice Department are unable to manage it." Def.'s Opp'n at 1-2. From that premise, Defendant contends that Special Agent Higgins is not an "essential" witness, *id.* at 2 (quoting *United States v. Phibbs*, 999 F.2d 1053 (6th Cir. 1993)), and should therefore be excluded from the Courtroom.

The Federal Rules of Evidence require courts to "order witnesses excluded [from the courtroom] so that they cannot hear the testimony of other witnesses" at the request of any party. Fed. R. Evid. 615. This rule, however, does not require the exclusion of an investigative agent:

1

"This rule does not authorize exclusion of . . . (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney . . . ." Fed. R. Evid. 615(2). The advisory committee notes to this rule clarify that Congress intended this provision to authorize Governmental investigative agents to remain in the courtroom without forcing the Government to make a showing that the witness' presence is essential:

> Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness. The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in – he always has the client with him to consult during the trial. The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty. *Yet, it would not seem the Government could often meet the burden under rule 615 of showing that the agent's presence is essential* . . . . Using another, non-witness agent from the same investigative agency would not generally meet government counsel's needs.
>
> *This problem is solved if it is clear that investigative agents are within the group specified under the section exception made in the rule, for "an officer or employee of a party which is not a natural person designated as its representative by its attorney."* It is our understanding that this was the intention of the House committee. It is certainly this committee's construction of the rule.

Fed. R. Evid. 615, Advisory Committee Notes (emphasis added).

Courts in this and other circuits have relied on the language of Federal Rule of Evidence 615 and the advisory note quoted above to authorize an investigative agent to remain at the Government's counsel table throughout trial, even if he or she is also a witness. *See Queen v. Washington Metropolitan Area Transit Auth.*, 842 F.2d 476, 482 (D.C. Cir. 1988) (recognizing that Rule 615 and the advisory committee notes accompanying that rule "cite with approval the practice of allowing government counsel to have investigative agents, who also will serve as witnesses, at counsel table at trial"); *United States v. Eiland*, Crim. A. No. 04-379, 2006 U.S.

Dist. LEXIS 11726 at *53 (D.D.C. Mar. 2, 2006) ("pursuant to Rule 615, [the court] will generally exclude witness[es] from the courtroom upon the request of any party. The rule contains several exceptions, however, and the Government's intention to have seated at its table a case agent falls squarely within the exception for investigative agents included in the rule"); *United States v. Gonzalez*, 918 F.2d 1129, 1137 (3d Cir. 1990) (collecting cases and holding that "the government case agent responsible for a particular investigation should be permitted to remain in the courtroom, even though the agent will often testify later on behalf of the government. Such an exception is envisioned by Rule 615(2) . . ."). *See also United States v. Pineda*, Crim. A. No. 04-232 (D.D.C. Oct. 3, 2006) (Order excluding all trial witnesses from hearing the testimony of any other witnesses with the exception of the Government's investigative agent). Accordingly, the Court shall permit Special Agent Higgins to sit at Government's counsel table throughout trial.

For the reasons set forth above, it is, this 29th day of April, 2008, hereby

**ORDERED** that the Government's [35] Motion in Limine to permit its lead investigative agent seated at counsel table throughout the trial is GRANTED.

**SO ORDERED.**

Date: April 29, 2008

/s/<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge