UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) ) ) ) v. ) ) KHAN MOHAMMED ) ) ) | Criminal No.: 06-357(CKK) |

### DEFENDANT'S MOTION TO COMPEL BRADY MATERIALS

Defendant, by and through undersigned counsel, hereby moves the Court to compel production of specific discovery set forth in the attached Discovery letter to government counsel. The specific requests are discoverable under Federal Rule of Criminal Procedure and <u>Brady v. Maryland</u> and its progeny.

In Support of this Motion undersigned states:

1.  Mr. Mohammed is before the Court charged in a two-count indictment with Distribution of One Kilogram or More of Heroin intending and knowing that the Heroin will be unlawfully imported in the United States in violation of 21 U.S.C. § 959, 960, Aiding and Abetting in violation of 18 U.S.C. § 2 and distribution of heroin and opium knowingly or intending to provide anything of pecuniary value to a person or organization engaged in terrorist activities in violation of 21 U.S.C. § 960(a), 841(a), 841(b)(1)(A)(I) and 18 U.S.C. § 2.

2.  The factual basis for the charges arises from a joint investigation conducted by the United States Drug Enforcement Agency and the National Interdiction Unit of Afghanistan. Through a cooperating witness, Mr. Khan Mohammed became the target of a sting operation.

The cooperating witness successfully made contact with Mr. Mohammed and on a number of occasions secretly recorded conversations and video-taped two drug transactions. The recorded conversations covered topics concerning, rockets, mines, and other weaponry and attacks on American, Afghani and NATO armed forces.

3. Through discovery it has been established the CS is not a United States citizen and that he is not a member of the United States armed forces or of United States or Coalition or NATO investigative agency. From recent disclosures it appears that the CS was recruited by DEA to work on their behalf and took the lead in developing the case against Mr. Khan Mohammed.

4. DEA follows established protocol in contracting or making arrangements with confidential sources. The arrangements follow a basic quid pro quo, regarding cash rewards, bonuses and fronting money for expenditures relating to ongoing investigations. It is extremely doubtful that confidential sources enter into investigation arrangements with the DEA on a "pro bono" basis. In fact, there is no such thing.

5. Counsel for Mr. Mohammed made an initial request for Brady and Giglio disclosure on November 20, 2007. A more detailed and specific request was made to government counsel on April 23 through an electronic correspondence that is attached to the instant Motion. [1]

---

[1] The attached Discovery letter is dated April 29, 2008. However, the new date was automatically created since the original letter includes the CS's name which had to be removed in this public filing.

**Points and Authorities in Support for Forthwith Brady Disclosure**

Brady v. Maryland, 373 U.S. 83, 87 (1963), requires the government to disclose evidence to the defense which is favorable to the defense and material to either guilt or punishment. Impeachment evidence, as well as substantively exculpatory evidence, falls within the rule of Brady. Giglio v. United States, 405 U.S. 150 (1972). "The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend." Napue v. Illinois, 360 U.S. 264, 269 (1959).

In United States v. Bagley, 473 U.S. 667, 671 (1985), the defendant learned of the existence and the terms of ATF contracts with two witnesses after his conviction. The terms of the contracts called for the informants to "provide information," "purchase evidence," act "in an undercover capacity," and "testify against the violator in federal court." Id. The Supreme Court of the United States considered the contracts to be classic Giglio material, and remanded the case for a determination of the materiality of the contracts. Id. at 684. On remand, the Ninth Circuit held that the government should have produced the contracts to the defense, as the contracts might have been helpful for defense counsel's preparation and presentation of the defense case. Bagley v. Lumpkin, 798 F.2d 1297, 1301 (9th Cir. 1986);

Support for the breadth and reach of Brady obligations is found In re Sealed Case No. 99-3096 (Brady Obligations), 185 F.3d 887, 896 (D.C. Cir. 1999) ("[P]rosecutors in this circuit are responsible for disclosing Brady information contained in MPD files … . The same is true for files of the FBI and DEA…").

Wherefore, defendant, Mr. Khan Mohammed, moves the Court to order the Government to immediately disclose and/or provide the request documentary evidence set forth in the discovery letter forthwith.

        Respectfully submitted,

        A.J. Kramer
        Federal Public Defender

        _____/s/_____
        Carlos J. Vanegas
        Danielle Jahn
        Assistant Federal Public Defender
        625 Indiana Ave., N.W., Suite 550
        Washington, D.C.  20004
        (202) 208-7500

**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF COLUMBIA**
**SUITE 550**
**625 INDIANA AVENUE, N.W.**
**WASHINGTON, D.C. 20004**

**A. J. KRAMER**                                                                                   **TELEPHONE (202) 208-7500**
*Federal Public Defender*                                                                       **F A X  ( 2 0 2 )  2 0 8 - 7 5 1 5**

**CARLOS J. VANEGAS**
*Assistant Federal Public Defender*

April 29, 2008

Matt Stiglitz, Esq.
Julius Rothstein, Esq.
United States Department of Justice
The Bond Building
1400 New York Ave.
Washington, D.C.

RE:   United States v. Khan Mohammed
         Crim. No. 06-357(CKK)

Dear Mr. Stiglitz and Rothstein:

We are writing this letter to request discovery in reference to the above-captioned case. This request is made pursuant to Federal Rule of Criminal Procedure 16, the Fifth and Sixth Amendments to the United States Constitution and Brady v. Maryland, United States v. Agurs, 427 U.S. 97 (1976), Kyles v. Whitley and Giglio v. United States, 405 U.S. 150 (1972) and its progeny). In this letter we have only referred to The CS. However, the letter and all the requests contain herein also apply to the two "Category II" witnesses from Afghanistan.

Specifically, our discovery request includes, but is not limited to, the following:

(1)   The substance and/or nature of Government assistance provided to The CS in before, during and in the aftermath of the investigation and arrest of Mr. Khan Mohammed.

(2)   By government we mean any governmental agency including but not limited to the United States State Department, the United States Department of Justice, The Drug Enforcement Agency, United States Customs, the Federal Bureau of Investigation, the United States Armed Forces and the NATO Coalition Forces in Afghanistan.

5

(3)   We are also requesting the nature of any accommodation and/or arrangements that any of the above agencies have secured behalf of Mr. The CS, including but not limited to cash payments, cash awards, stipends and any and all remunerations for his work on behalf of the government agencies identified in preceding paragraph.

(4)   We are also requesting the nature of the accommodation and/or arrangement that any of the above agencies were able to secure on behalf of Mr. The CS allowing him to travel to the United States i.e. the type of visa that was obtained, and if was done in an expedited basis.

(5)   We are requesting The CS's expenditures itemization in the instant case. Specifically we want his requests for reimbursement for expenses relating to travel to and from Pakistan to Afghanistan. We are also requesting information regarding reimbursement for his lodging, food, travel within Afghanistan, for phone service for personal use and any and all other expenses incurred for which he sought reimbursement and was paid by the DEA. If he was not reimbursed for expenses demanded, then we are requesting payments made to him that cover the work that he did on behalf of the government in the active investigation of Khan Mohammed.

(6)   We are requesting information regarding the basis of payments under the category of "cash awards." Specifically we are requesting what is the criteria used in determining whether The CS merited a cash award and more importantly the criteria for determining the amount of the "cash award" that he received.

(7)   We are requesting information regarding cash awards that were given to The CS based on specific acts of investigation and/or results of investigation. We are also requesting any agreement regarding any future "cash award" that will be given to The CS as a result of his testimony in the trial of Mr. Khan Mohammed. We are also requesting information as to whether The CS's "cash awards" correspond to a particular result in the prosecution of Mr. Khan Mohammed. In short, does a conviction result in an additional and much greater award than what he has already received.

(13)   We are also requesting DEA Forms 103 and 473. We are also requesting and any all other DEA forms that document agreements, contracts, expenditures relating to the obligations, work and responsibilities of DEA informants.

If we have inadvertently failed to mention or omitted a particular document, or any material that falls under the rubric of Brady v. Maryland, United States v. Agurs, 427 U.S. 97 (1976), Kyles v. Whitley and Giglio v. United States we reserve the right to make those requests at any time before evidentiary hearing and the trial. If you have any question regarding these requests, or wish to discuss these requests, please feel free to contact us at 202-208-7500.

Sincerely,

_____/s/_____
Dani Jahn
Carlos J. Vanegas
Assistant Federal Public Defenders

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**  )<br>)<br>v.                                                                )<br>)<br>**KHAN MOHAMMED**                            )<br>) | Criminal No.: 06-357(CKK) |

**ORDER**

That upon consideration of Mohammed Khan's Motion to Compel Brady Materials, in relation to the above-captioned case it is hereby,

**ORDERED** that the government comply with the Defendant's Request for Brady Materials requests **FORTHWITH** and it so **ORDERED**

_____                                                      _____
DATE                                                                    COLLEEN KOLLAR-KOTELLY.
                                                                              UNITED STATES DISTRICT JUDGE

Carlos J. Vanegas, Danielle Jahn
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004

Matthew Stiglitz
Trial Attorney
United States Department of Justice
1400 New York Ave., The Bond Building
8th Floor
Washington, D.C. 20530