UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KHAN MOHAMMED )<br>) | Criminal No.: 06-357(CKK) |

**DEFENDANT'S MOTION TO CONTINUE TRIAL**

Defendant, Khan Mohammed, through undersigned counsel, pursuant to the Sixth Amendment of the United States Constitution moves the Court to Continue Trial in this matter.

As grounds for this Motion undersigned states:

1. Mr. Mohammed is before the Court charged in a two count indictment with distribution of narcotics in violation of 21 U.S.C. § § 959 960, and narco-terrorism in violation of 21 U.S.C. 960(a), 841(a), 841(b)(1)(A)(I) and 18 U.S.C. § 2.

2. Within this week counsel for Mr. Mohammed have received Rule 16 discovery from the government that they've had in their possession beginning September 2007. The government's disclosure of the discovery was requested in a Discovery letter dated, November 20, 2007. In his discovery letter to Mr. Stiglitz, counsel wrote that he was making his requests "pursuant to Federal Rule of Criminal Procedure 16, the Fifth and Sixth Amendments to the United States Constitution and Brady v. Maryland (and its progeny)." Counsel's letter further identified and requested "other crimes" notice, along with expert notice, and evidence that would be the subject of any pre-trial motions that counsel could file. In short, counsel made

inclusive and specific requests for discovery.

3. After Mr. Mohammed indicated that he wished to proceed to trial upon rejection of the government's plea offer, the Government indicated that it would supercede the indictment. The government superceded with adding count two to the indictment. At a status conference after the issuance of the superceding indictment, a discussion took place regarding any additional evidence that the Mr. Mohammed was entitled to that focused on count two of the indictment. The government indicated that the evidence for count of the indictment was identical to count one of the indictment.

4. Counsel for Mr. Mohammed was never provided with information regarding how the investigation against Mr. Mohammed started until the April 28, 2007. As far as counsel could surmise the investigation started with the earliest recorded conversation between Mr. Khan Mohammed and the CS. It was in response to that disclosure that undersigned filed his Motion To Exclude on April 29, 2008. Regrettably, the motion to exclude other crimes evidence was done haphazardly and in response to the government's late disclosure. However, this pattern had already played itself out with the government's late disclosure of their Expert notice.

5. The government's filings of today recount a familiar theme of late disclosure, of failing to abide by counsel's Discovery letter and of putting the counsel for Mr. Mohammed in the untenable position of being completely unprepared to meet the thrust of the government's evidence that will be presented in its Case-in-Chief, information that was specifically requested back in November 2007 and certainly when they moved to supercede the indictment and definitely when government counsel was queried by the Court regarding additional discovery that went to the second count of the indictment which charged a twenty year mandatory minimum. S

6. This case was initially presented, based on the one count indictment, as one in which Mr. Mohammed allegedly distributed heroin in Afghanistan knowing that this substance would be unlawfully imported into the United States. When this case was superceded in January 2008, to include the allegation that the heroin transaction and/or the opium transaction was committed knowing that the transaction was intending to provide value or a person or organization that has engaged or engages in terrorism, the government indicated to this Court that the evidence was essentially the same and that there would be very little if any additional discovery to be disclosed.

7. It now appears, from the government's filings and <u>Jencks</u> disclosures that the government alleges that Mr. Mohammed has a significant role in the Taliban organization. The government alleges that because the confidential source, while in Pakistan, was contacted and instructed by two leaders of the Taliban that Mr. Mohammed was their point of contact in Afghanistan. At no time prior to Tuesday, April 29, 2008, was undersigned counsel aware of the connection between the confidential source and any leader of the Taliban in Pakistan. The government did not disclose their intention of identifying leaders of the Taliban in Pakistan or leaders of the Taliban in Afghanistan. Had the government provided a synopsis of the case against Mr. Mohammed, as articulated by a ten-page report written by Agent Higgins on September 10, 2007, which was turned over on April 29, 2008, Mr. Mohammed would have had some guidance as to the Pakistan connection and the role the Taliban played in this case.

8. The government indicates that the transcripts of the conversations between the confidential source and Mr. Mohammed mentioned several names. However, at no time had the government indicated to the defense that these people are or were Taliban leaders; nor had the

government indicated that their case in-chief would include information that such a link between Taliban leaders in Pakistan were related to the crimes to which Mr. Mohammed is charged.

9. In light of the extremely late disclosure of such evidence, the defense has no ability to investigate these claims. The defense has no ability to either corroborate these claims or refute them. The defense was given no notice by the government that they intended to introduce this type of evidence against Mr. Mohammed.

10. From being a drug distribution case that was video-taped, it is now quite clear that the case against Mr. Mohammed has turned on its own head. It is now clear that the government intends to present this case as a Taliban terrorist case with overt acts of alleged drug distribution.

11. Defense counsel can not be effective in representing Mr. Mohammed at this stage of the case. Significant time is devoted to discussions and preparation with Mr. Mohammed who does not speak English and does not have any prior knowledge of the criminal justice system in the United States. As an example three hours were expended this morning on meeting with Mr. Mohammed at the DC Jail in order to review simple stipulations. When counsel left to see Mr. Mohammed he was unaware that the government had already filed the motions because of the noon deadline the government gave itself. Counsel, are now unable to consult with Mr. Mohammed regarding the recent government filings, and more importantly counsel are not in any position to investigate any of the evidence the government is seeking to introduce at trial, and cannot even adequately research the law and file responses to the government's latest filings.

12. Mr. Mohammed is facing a potential life sentence. These types of cases involving foreign nationals prosecuted for extra-territorial crimes do not typically proceed to trial in less than five months after the defendant has been indicted.

13.     Defense counsel are expected to be diligent in seeking to protect their clients' constitutional rights, but unless given sufficient discovery time to work through the complicated factual issues raised by recently disclosed co-conspirator statements, evidence of prior drug trafficking, evidence of prior history of involvement in the Taliban movement, evidence of actual leadership in directing terrorists attacks, and the two separate but wide ranging areas of expert testimony that the government is seeking to introduce, no attorney can be expected to effectively discharged their ethical obligation to provide effective legal assistance as required by the Sixth Amendment to the United States Constitution, which is what Mr. Mohammed entitled to.

WHEREFORE, undersigned counsel respectfully moves the Court to grant the instant Motion To Continue Trial.

Respectfully submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Carlos J. Vanegas
Danielle Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KHAN MOHAMMED ) | Criminal No.: 06-357(CKK) |

**ORDER**

That upon consideration of defendant's Khan Mohammed's Motion to Continue Trial; it is hereby

**ORDERED** that the Defendant's Motion is **GRANTED**; and it is

**SO ORDERED**

_____                                          _____
DATE                                                          COLLEEN KOLLAR-KOTELLY.
                                                                    UNITED STATES DISTRICT JUDGE

Carlos J. Vanegas
Danielle Jahn
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004

Matthew Stiglitz
Julius Rothstein
Trial Attorney
United States Department of Justice
1400 New York Ave., The Bond Building
8th Floor
Washington, D.C. 20530