UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 06-357 (CKK) |
| | : | |
| KHAN MOHAMMED | : | |

## SUPPLEMENTAL BRIEF CONCERNING THE ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS

The United States, by and through Matthew Stiglitz and Julius Rothstein, Trial Attorneys with the U.S. Department of Justice, Criminal Division, Narcotic and Dangerous Drug Section, in response to a request of the Court at a May 1, 2008 phone conference, respectfully submits this supplemental brief on the issue of admissibility of the Confidential Source's testimony concerning statements made by Abdul Rahman as co-conspirator statements, and in support of which states as follows:

For purposes of this brief, the government does not believe it matters whether the CS was a member of the conspiracy. On the one hand, at the time he was recruited by Abdul Rahman to return to Afghanistan and seek the defendant's help in planning and carrying out attacks, he was not acting as a government agent, though he never intended to follow through on participating in the conspiracy. However, as set out below, even if the Court were to find that he was a government agent, or at least not a participant in the conspiracy at the time the statement was made, the statements would still be admissible.

A)      Co-Conspirator Statements are Not Hearsay

As an initial matter, co-conspirator statements are not considered exceptions to the hearsay

rule. Rather, falling under Fed.R.Evid. 801(d), they are simply "statements which are not hearsay." Nor are they considered testimonial in nature. See, Crawford v. Washington, 124 S.Ct. 1354, 1367 (2004).

B)     Co-Conspirator Statements Made to a Non-Conspirator Are Admissible

There is no requirement that a statement made by a coconspirator be made to another coconspirator for the statement to be admissible. Rather, the focus of the admissibility analysis is the intent of the *declarant* concerning whether the statement is in furtherance of the conspiracy. See, United States v. Edmond, 52 F.3d 1080, 1111 (D.C. Cir. 1995) ("Rule 801(d)(2(E) does not require that the statement be made to a co-conspirator. . . The declarant's intent is the relevant inquiry.")(internal citation omitted); United States v. Williams, 989 F.2d 1061, 1068 (9th Cir. 1993), citing United States v. Yarbrough, 852 F.2d 1522, 1535 (9th Cir. 1988)("It is not necessary that the statement be made to another member of the conspiracy to it to come under rule 801(d)(2)(E). To be 'in furtherance' a statement must advance a common objective of the conspiracy or set in motion a transaction that is an integral part of the conspiracy."); United States v. Thompson, 976 F.2d 666, 670 (11th Cir. 1992) ("For a coconspirator's statement to be admissible under Rule 801(d)(2)(E), it need not be made by a coconspirator to a coconspirator.").

Thus, statements made to a confidential informant, legally not a member of the conspiracy by virtue of being a government agent, are admissible. United States v. Williamson, 53 F.3d 1500, 1519 (10th Cir. 1995)(". . . we now explicitly hold 'that the fact that one party to a conversation is a government agent or informer does not of itself preclude the admission of statements by the other party-if he or she is a member of a conspiracy-under Rule 801(d)(2)(E).' Stated alternatively, in deciding whether statements are admissible under Rule 801(d)(2)(E), the appropriate focus is on

2

whether the statements were "made by" a member of the conspiracy, and not on whether the statements were "made to" a member of the conspiracy.")(internal citations omitted); United States v. Smith, 918 F.2d 1551, 1558 (11th Cir. 1990).  The same holds true with respect to statements made to an undercover police officer.  United States v. Leroy, 944 F.2d 787, 789 (10th Cir. 1991) (admission to undercover officer qualified as a co-conspirator statement where the "overall motive for importuning [the officer] was to further the conspiracy).  As stated by the Williamson court,

> . . . a review of Rule 801(d)(2)(E) and the case law interpreting it, demonstrates that the rule does not embody a requirement that the statement in question "be made by a coconspirator *to a coconspirator*." Perhaps conspicuous by its absence is any requirement under Rule 801(d)(2)(E) that before coconspirator statements may be admitted, the party to whom the statements were made (i.e., the witness who will testify in court as to the out-of-court statements made by the declarant) must be a member of the conspiracy. Rule 801(d)(2)(E) only requires that the declarant . . . and the defendant ( i.e., the coconspirator on trial against whom the statement is being offered . . . ) be members of the conspiracy.

Williamson, 53 F.3d at 1519 (emphasis in original).

In the instant case, Abdul Rahman's statements to the CS concerning his mission in Afghanistan and his direction to the defendant were certainly in furtherance of the conspiracy, as they were made for the purpose of recruiting the CS into the conspiracy, advising him of his role in the conspiracy, and indicating others who were in a position to help the CS further the objects of the conspiracy.  Once that threshold is met, it matters not that the CS was not a member of the conspiracy.

That the defendant was a member of the conspiracy with Abdul Rahman is obvious, and was acknowledged by the defendant in the August 18, 2006 transcript previously provided as Exhibit 1 in the government's original motion:

34- KM: God willing, when this operation is done, then I will take you and make you sit with them, with Habibzai and all the others.

35- JW: I have not exchanged two words with Habibzai yet. It was Abdul Rahman who told me to get in touch with you. If it were not for the recommendation of Abdul Rahman, I would not have seen you either. He told me that you are his man, you are fully active on their behalf and he said whatever I need or whatever problem I have to get in touch with you. I said, "OK, it is alright."

36- KM: Yes. Right now, there is no need for weapon, we have weapon. God willing, if you want it, it is ready for you.

Under all of the circumstances, and by a preponderance of the evidence, which is the burden of proof in this evidentiary determination, the evidence shows the defendant was a member of a conspiracy with Abdul Rahman and Habib Zai. Further, a member of that conspiracy (Rahman) made statements in furtherance of that conspiracy. That being the case, they are admissible against the defendant.

        Respectfully submitted
        KENNETH A. BLANCO, Chief
        Narcotic and Dangerous Drug Section


        _____/s/ Matthew Stiglitz_____
        Matthew Stiglitz
        Julius Rothstein
        Trial Attorneys
        Narcotics and Dangerous Drug Section
        U.S. Department of Justice
        1400 New York Avenue, N.W.
        8th Floor
        Washington, D.C.  20530
        (202) 305-3646
        matthew.stiglitz@usdoj.gov

<u>Certificate of Service</u>

     I hereby certify that a copy of the foregoing motion was filed via ECF and sent by e-mail this 1st day of May 2008, to Carlos Vanegas, Esq. And Dani Jahn, Esquire, counsel for the defendant.

                                                                  /s/ Matthew Stiglitz
                                                         Matthew Stiglitz