UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | Criminal No.: 06-357(CKK) |
| KHAN MOHAMMED | ) ) ) ) | |

**RESPONSE TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE**

Defendant, Khan Mohammed, through undersigned counsel, respectfully submits his Reply to the Government's Opposition to Exclude Evidence of Missiles, the Taliban Insurgency, Taliban Cells and Allegations of Prior History of Drug Trafficking. In support of his request to Exclude the above, counsel for Mr. Mohammed submit the following:

1. As an initial matter the thrust of what Mr. Mohammed maintains is other crimes evidence, which the government never indicated that it would seek to admit, through any pleading, discovery, or proffer, should be excluded be excluded based on violations of Rule 16 notice, the separate requirement of notice pursuant to Federal Rule of Evidence 404(b), the relevance requirement of FRE 401, and the prejudicial nature of the evidence pursuant to FRE 403.

2. The government never informed counsel that it would seek to introduce co-conspirator statements under the theory a conspiracy existed between Mr. Mohammed and Abdul Rahman and Habib Zai. But for the Jencks disclosure, the government would be proceeding to trial and elicit through the CS statements by Mr. Mohammed that are discoverable pursuant to Rule 16. On Page 2 of its opposition, on the second paragraph it discloses for the

first time that "The defendant told the witness that he was aware that Rahman was sending the CS, but that it would be up to the CS to obtain the rockets to build up trust with [the Taliban]. This statement which is critical to the government's conspiracy theory which it never once indicated that it would proceed in such a fashion, was discoverable per defendant's November 20, 2007 Rule 16 request seeking:

"Any written or oral statements made by Mr. Mohammed within the possession, control, or custody of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government. This includes, but is not limited to, the following:"

This is later followed by the request for discovery "In order to facilitate preparation of pretrial motions and pursuant to Fed. R. Crim. P. 12(d)(2), prompt notice of discoverable evidence the government intends to use at trial." Notwithstanding, these specific requests the government relies on the familiar response, that undersigned counsel had the transcripts and that the transcripts is essentially the full discovery. If that were the case then, there would be no need for all the statements, and other evidence that the government wants to introduce including, facts regarding how the CS was "tasked" or "commanded" or made a "mafia styled" offer that he couldn't refuse when he was commanded to Pakistan. Beyond that the government insists that based on the transcripts (alone!), counsel for Mr. Mohammed should have known about the roles, stature of Abdul Rahman, Habib Zai, and Anwar Haq in the Taliban insurgency and previous Taliban government. It is simply inconceivable that undersigned counsel could have made all the above inferences.

3.     The government then dwells on the untenable argument that because Mr. Mohammed states on the videos that he used to be involved in drug trafficking and knows about the trade, that the CS can now testify about his own knowledge that Mr. Mohammed was

involved in drug trafficking. The government's legal theory is that charged offense "criminalizes precisely this type of activity under the concept of "narco-terrorism." What is missing from the government's analysis and factual history is that there is no evidence that Mr. Mohammed's allege prior drug trafficking took place after the United States invaded Afghanistan to connect him to narco-terrorsim.

4.  In short, the government cannot say and should not be allowed to decide or disclose at this late hour, that the prior drug trafficking history was connected to or supported terrorism against the United States military in Afghanistan. As far as we know Mr. Mohammed's prior drug history must have preceded the Taliban's takeover of Afghanistan because the Taliban government initially wiped out the narcotic trade through draconian edicts. It was only after the Taliban was removed from power that poppy harvesting, opium and heroin production and distribution came back to play a nefarious role in Afghanistan. Clearly, the government should not be allowed to impose their version of historical fact of when Mr. Mohammed was involved in the production and distribution of narcotics and that his involvement was clearly directed at supporting terrorism against the United States.

## ARGUMENT

Fed.R.Evid. 404(b) generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect upon the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity or knowledge. The protection against such unfair prejudice emanates not from a requirement of a preliminary finding by the trial court but, rather, from four other sources: First, from the requirement of Rule 404(b), that the evidence be offered for a proper purpose; second, from the relevancy requirement of Rule 401; third, from the assessment the trial court must make under Rule 403 to determine whether the probative value of

the similar acts evidence is substantially outweighed by its potential for unfair prejudice; and, fourth, from Rule 105, which provides that the trial court shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted. Huddleston v. United States, 485 U.S. 681, 685, 691 (1988). Because evidence of prior criminal acts is almost always prejudicial to the defendant, the use of such evidence must be carefully circumscribed to protect the defendant from unfair prejudice.

In the instant case the manner in which the government wants to introduce drug trafficking evidence is not truly "relevant" to any material issue in the case other than the forbidden one of inferring that the defendant has a propensity to engage in drug trafficking - "precisely the one [issue] that Rule 404(b) prohibits." United States v. Mills, 138 F.3d 928, 936 (11th Cir. 1998) (evidence that defendant lied to customs inspectors in 1993 showed only that defendant was "predisposed to lie" and was, therefore, improperly admitted in false statement prosecution involving Medicare); United States v. Zelinka, 862 F.2d 92, 99 (6th Cir. 1988) (evidence that defendant possessed cocaine seventeen months after charged drug conspiracy "was not admissible to prove that he participated in" charged conspiracy, because it was too "remote" and "Strongly suggested" that the defendant simply had acted "in conformity with the character of a drug dealer seventeen months earlier ... precisely the use for which such evidence may not be admitted").

Although the government indicates that the contested evidence is not "404(b)" evidence, alternatively it submits that if the Court finds that it is other crimes evidence that its May 1, 2008 Motion, should be treated as notice, "as there is little prejudice to the defense. Counsel for Mr. Mohammed on seeing this evidence for the first time days away from jury selection know acutely that this evidence severely prejudices Mr. Mohammed after having made previous requests for

this type of evidence.

In <u>United States v. Peveto</u>, 881 F. 2d 844 (10th Cir. 1989), the Government failed to disclose inculpatory evidence until the day of trial. The Court stated that the district court's discretion as to the remedy is governed by several factors;

> "When the government fails to comply with a discovery order, the factors the district court should consider in determining if a sanction is appropriate are (1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance. <u>Id</u>. 881 F. 2d at 863.

Counsel for Mr. Mohammed submit that the government's late disclosure is inexcusable and that the only remedy is a continuance of three months that allows his attorneys sufficient time to investigate all the allegations that have now turned this case into something completely unrecognizable to what it was just two weeks ago, before the late filing of their notice for expert testimony, before their belated disclosure of <u>Brady</u> materials, before their disclosure of an alleged conspiracy, before the disclosure of the manner in which the CS was tasked with an offer he could not refuse, before the disclosure concerning the stature and infamy of Mr. Mohammed's three alleged senior Taliban commanders, and before the disclosure of Mr. Mohammed' prior involvement in the Taliban government.

Given the timing of the disclosure the Court should preclude every and all acts identified in Mr. Mohammed's first motion to preclude other crimes evidence. Alternatively, Mr. Mohammed renews his motion for a continuance of three months.

>                             Respectfully submitted,
>
>                             A.J. KRAMER
>                             FEDERAL PUBLIC DEFENDER

                                                                                  /s/
                              Carlos J. Vanegas
                              Danielle Jahn
                              Assistant Federal Public Defender
                              625 Indiana Avenue, N.W.
                              Suite 550
                              Washington, D.C.  20004
                              (202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No.: 06-357(CKK) |
| ) | |
| KHAN MOHAMMED ) | |

**ORDER**

That upon consideration of defendant's Khan Mohammed's Response to the Governments's Opposition to Defendant's In Limine to Exclude Evidence of Missiles, the Taliban Insurgency, Taliban Cells, and Allegations of Prior Drug Trafficking, it is hereby

**ORDERED** that the Defendant's Motion is hereby **GRANTED**; and it is

**SO ORDERED**

_____            _____
DATE                      COLLEEN KOLLAR-KOTELLY.
                          UNITED STATES DISTRICT JUDGE

Carlos J. Vanegas, Danielle Jahnd
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004

Matthew Stiglitz
Julius Rothstein
Trial Attorney
United States Department of Justice
1400 New York Ave., The Bond Building
8th Floor
Washington, D.C. 20530