UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KHAN MOHAMMED<br><br>Defendant. | Criminal Action No. 06-357 (CKK)<br><br>**FILED**<br><br>MAY − 2 2008<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**ORDER SUPPLEMENTING THE COURT'S MARCH 28, 2008 ORDER AND
GRANTING THE PORTION OF GOVERNMENT'S MOTION IN *LIMINE*
PREVIOUSLY HELD IN ABEYANCE**
(May 2, 2008)

On March 25, 2008, the Court granted-in-part and held-in-abeyance-in-part the Government's Unopposed Motion in *Limine* to Allow Certain Government Witnesses to Testify Using Pseudonyms.[1] Having been notified by Defendant that he does not oppose the portion of the Motion previously held in abeyance, and after thoroughly reviewing the Government's Motion, applicable case law, statutory authority, and the record of the case as a whole, the Court shall grant the remaining portion of the Government's Motion previously held in abeyance.

The Government's Motion asks the Court to permit certain government witnesses, who are Afghan citizens residing in Afghanistan, to testify using pseudonyms instead of their true names, due to the risk that they will be harmed or killed after they return to Afghanistan. Relatedly, the Government's Motion proposes the use of a two-category system to disclose identifying information related to these witnesses to Defense counsel and Defendant. Pursuant to

---

[1] The Government's Motion was filed under seal. The Court has redacted information remaining under seal from this Order and its March 25, 2008 Order.

(N)

Category One, the Government would be required to disclose the true identities and backgrounds of all witnesses to Defense counsel, who would be permitted to share that information with the Defendant and members of the defense team, but nobody else.[2] Pursuant to Category Two, the same conditions would apply, the only difference being that Defense counsel would be prohibited from disclosing the true identities of the witnesses to the Defendant. Unlike Category One witnesses, it is believed that Category Two witnesses are unknown to Defendant.[3]

On March 25, 2008, the Court granted the Government's Motion, in part, permitting Category One witnesses to testify using pseudonyms instead of their true names, requiring the Government to disclose the true identities and backgrounds of all witnesses to Defense counsel, and authorizing the use of Category One witnesses. The Court held in abeyance the use of Category Two witnesses to provide Defense counsel with additional time to discuss the same with Defendant and to advise the Court of Defendant's position. Defendant subsequently informed the Court that he does not oppose the use of Category Two witnesses.

The use of pseudonyms and the non-disclosure of witnesses' identities implicate the Sixth Amendment Confrontation Clause, which guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court has explained that the Confrontation Clause guarantees a defendant's right to meaningfully cross-examine witnesses, and that restrictions on the scope of

---

[2] The Court's March 25, 2008 Order specified that the true names of these witnesses, along with any information or documents that would reveal the true identities of such witnesses, could not be disclosed to anyone other than Defendant and members of the Defense team located in the United States without prior leave of the Court.

[3] The Government intends to present the testimony of approximately two category Two witnesses.

cross-examination, including those related to a witness's identity, may implicate the Confrontation Clause. *See Pointer v. Texas*, 380 U.S. 400, 404 (1965) ("the right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him"); *Alford v. United States*, 282 U.S. 687, 688-89 (1931) ("[p]rejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test"). *See also White v. Illinois*, 502 U.S. 346, 362 (1992) (indicating that the primary purpose of the Confrontation Clause was to prevent the trial of individuals based on anonymous accusations and *ex parte* materials). In *Smith v. State of Illinois*, the Supreme Court further explained the reach of the Confrontation Clause in a case where the principal witness against defendant testified using a pseudonym, and the record did not contain any evidence that either the defendant or his lawyer knew the witness's correct name or where he was living at the time of trial. 390 U.S. 129, 130-31 & n.5 (1968). The Supreme Court held that by depriving the defendant of any knowledge associated with the witness's identity, particularly when the credibility of the witness was at issue, defendant's right to cross-examination was "effectively [] emasculate[d]." *Id.* at 131.

Lower courts applying the Supreme Court's *Smith* decision have balanced defendants' rights to meaningfully cross examine witnesses with the need to protect the safety of witnesses or account for other security concerns. For example, the First Circuit has read *Smith* to have announced "a core purpose: to prevent a criminal conviction based on the testimony of a witness who remains 'a mere shadow in the defendant's mind." *Siegfriedt v. Fair*, 982 F.2d 14, 17 (1st Cir. 1992). Where that core purpose is not implicated, however, the First Circuit has explained that there is "no reason for reflexively excluding otherwise admissible testimony . . . Rather,

courts must gauge the pull of *Smith* in any given case by the degree to which its rationale applies." *Id.* at 17-18. *See also United States v. Maso*, No. 07-10858, 2007 U.S. App. LEXIS 25255 at * 12 (11th Cir. Oct. 26, 2007) (adopting the reasoning of other circuits that have approved restrictions on the disclosure of sensitive witness information in the context of safety concerns); *United States v. Marzook*, 412 F. Supp. 2d 913, 924 (N.D. Ill. 2006) (holding that the use of witness pseudonyms and withholding of true identities from the defendant did not violate the right to confront witnesses, in part because the defendant could physically observe the cross examination of each witness). *See also United States v. Karake*, 443 F. Supp. 2d 8, 13 (D.D.C. 2006) (permitting two witnesses to testify using pseudonyms).

In the present case, Defendant has been charged in a two-count indictment for violations of 21 U.S.C. § 959 (distribution of one kilogram or more of heroin intending and knowing that the heroin will be unlawfully imported into the United States) and 21 U.S.C. § 960a (engaging in conduct violating 21 U.S.C. § 841(a) and knowing and intending to provide anything of pecuniary value to a person or organization engaged in terrorism or terrorist activity). The Government alleges that Defendant is an associate of the Taliban, which the Government describes as an extremist organization engaged in, or connected with, acts of terrorism. The Government indicates that its witnesses who reside in Afghanistan face grave personal risks as to themselves and their families by testifying in these proceedings. Accordingly, the Government's Motion seeks to provide these witnesses with some measure of protection.

Pursuant to the Court's March 25, 2008 Order, the Court authorized these witnesses to testify using pseudonyms, and approved the use of Category One witnesses, whose true identities will be disclosed to Defendant's counsel and to Defendant. The Court now authorizes the use of

Category Two witnesses, whose identities will be disclosed to Defendant's counsel but not to Defendant himself. The Court finds that these measures are appropriate given the allegations raised about the witnesses' safety, which have not been disputed for purposes of this Motion. Defense counsel will know the witnesses' true identities and backgrounds, and will therefore be able to meaningfully investigate and cross examine these individuals. Defendant will also have the opportunity to physically observe the cross examination of these witnesses, and the jury will have the opportunity to assess the demeanor and credibility of the witnesses. Although Defendant will not know the true identities of the Category Two witnesses, it is believed that the true identities of Category Two witnesses are unknown to Defendant, so he would be unable to provide any additional information to his counsel even if their true identities were disclosed to him. Balancing these measures against the possible security concerns raised in the Government's Motion, the Court finds that these unopposed measures do not violate Defendant's Confrontation Clause rights.

Accordingly, it is, this 2nd day of May, 2008, hereby

**ORDERED** that the portion of the Government's Unopposed Motion in *Limine* to Allow Certain Government Witnesses to Testify Using Pseudonyms previously held in abeyance by the Court's March 25, 2008 Order shall be GRANTED.

**SO ORDERED.**

Date: May 2, 2008

____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge
