```
                    UNITED STATES DISTRICT COURT          FILED
                    FOR THE DISTRICT OF COLUMBIA
                                                          MAY - 8 2008
```

| |
|---|
| UNITED STATES OF AMERICA, |
| Plaintiff, |
| v. |
| KHAN MOHAMMED |
| Defendant. |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Criminal Action No. 06-357 (CKK)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN *LIMINE* TO EXCLUDE EVIDENCE OF MISSILES, THE TALIBAN, AND A PRIOR HISTORY OF DRUG TRAFFICKING, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A CONTINUANCE**
(May 8, 2008)

On April 29, 2008, Defendant filed a [43] Motion in *Limine* to exclude evidence of missiles, the Taliban, and Defendant's alleged prior history of drug trafficking. The Court held a Motions Hearing on April 30, 2008, where Defendant clarified that he was not seeking the exclusion or redaction of any transcripts of recorded conversations in this case ("transcripts"), nor the exclusion or redaction of Defendant's statements made to Drug Enforcement Agency ("DEA") agents following his arrest.[1] Instead, Defendant explained that he was seeking exclusion of evidence from *other* sources, including testimony from the Confidential Source ("CS") in this case. The Court ordered further briefing and, consistent with the Court's direction, the Government filed an Opposition on May 1, 2008. *See* Minute Order dated April 30, 2008.

After the Government filed its Opposition, Defendant filed a [47] Motion for a Continuance on May 1, 2008. The Court held a conference call with counsel for the Government

---

[1] The Court denied Defendant's Motion to Suppress these statements on the record at a Status and Motions hearing on April 30, 2008.



and Defendant to inquire as to the length of the requested continuance and to schedule a continuation of its Motions Hearing. At the request of the Court, the Government also supplemented the legal analysis contained in its Opposition on May 1, 2008, and Defendant filed a Reply on May 2, 2008. The Court continued its Motions Hearing on May 2, 2008, and both Parties orally supplemented and/or clarified their submissions. The Court made the following rulings, which are described in this Order and in greater detail on the record: (1) excluding evidence of Defendant's prior drug trafficking; (2) excluding a photograph of the missiles at issue, but allowing the Government to present other evidence with respect to the missiles; (3) allowing the Government to admit statements made by Mr. Abdul Rahman to the CS as co-conspirator statements; (4) excluding a statement made by Defendant to the CS concerning Defendant's knowledge that the CS was going to meet with him; (5) excluding evidence that Defendant previously fought for the Taliban and/or led a small unit of Taliban fighters; (6) excluding evidence that Mr. Rahman held a particular title with the Taliban; and (7) granting a continuance from May 2, 2008, to May 7, 2008. The transcripts of the April 30, 2008, and May 2, 2008, Motions Hearings are also incorporated herein for purposes of this Order. After considering all of the parties' submissions and oral arguments, in addition to applicable case law, statutory authority, and the record of the case as a whole, the Court shall grant in part and deny in part Defendant's [43] Motion in *Limine* and grant in part and deny in part Defendant's [47] Motion for a Continuance.

## I. BACKGROUND

The Government alleges the following facts: In August 2006, the CS met with Mr. Abdul Rahman, a Taliban commander located in Pakistan, who asked the CS to return to Afghanistan to

obtain missiles and conduct attacks on certain targets in Afghanistan.[2] Gov't's Opp'n at 1-2. When the CS explained to Mr. Rahman that he had no knowledge concerning the use of missiles to launch such attacks, Mr. Rahman identified Defendant as someone who could help him. *Id.* at 2. The CS returned to Afghanistan and reported this information to Afghan authorities, who provided the CS with a recording device (in coordination with the DEA). *Id.* at 2. The CS met with Defendant on several occasions and discussed, among other topics, the missiles, the planned use for the missiles, and Defendant's relationship with Mr. Rahman. *Id.* The CS also requested Defendant's assistance with obtaining opium or heroin. *Id.* at 3-4.

Defendant has been charged in a two-count indictment with violations of 21 U.S.C. § 959 (distribution of one kilogram or more of a controlled substance intending and knowing that the controlled substance will be unlawfully imported into the United States) and 21 U.S.C. § 960a (engaging in conduct violating 21 U.S.C. § 841(a) and knowing and intending to provide anything of pecuniary value to a person or organization engaged in terrorism or terrorist activity). As to the second of these charges, the Government alleges that (1) Defendant funneled or intended to funnel drug proceeds to himself individually and as a member of the Taliban; (2) Defendant has engaged in terrorist activity; (3) Defendant was a member of the Taliban; (4) the Taliban is a terrorist organization; and (5) Defendant conspired to commit terrorist activity on behalf of the Taliban. *Id.* at 5. Defendant's Motion in *Limine* seeks to exclude certain evidence implicated by these allegations. Def.'s Mot. at 3-6.

---

[2] The Government refers to these weapons as "rockets," whereas Defendant's Motion refers to them as "missiles." For ease of reference, the Court shall refer to the weapons as "missiles," but no difference in meaning is intended.

3

## II. DISCUSSION

### A.    Motion in *Limine* to Exclude Evidence

#### 1.    Missiles

Defendant first argues that the Court should exclude evidence of the missiles because such evidence "has no direct relevance to the two counts charged in the indictment . . . ." Def.'s Mot. at 3. Federal Rule of Evidence 401 defines relevance as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The Court is unpersuaded by Defendant's argument because the Government must prove that either Defendant has or is engaged in terrorism, or that he is a member of an organization that has or is engaged in terrorism. *See* Joint Proposed Jury Instructions, at 6 (Mar. 26, 2008). Because Defendant's association with the missiles makes it more probable that he is engaged in terrorism or is a member of an organization engaged in terrorism, evidence concerning the same is clearly relevant. While Defendant argues that "the government has provided no legal or factual nexus between [Defendant] and the recovered missiles," Def.'s Mot. at 2, that argument is appropriately directed to the finder of fact and is not an appropriate issue for the Court to resolve based on the disputed views between the parties concerning this evidence.

Defendant also argues that evidence of missiles constitutes evidence of other crimes or bad acts that is inadmissable under to Federal Rule Evidence 404(b). In relevant part, Federal Rule Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident, provided

4

that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial

The Court is unpersuaded by Defendant's argument that evidence of missiles should be construed as Rule 404(b) evidence because, as explained above, such evidence is directly related to the elements of the charged offense and is therefore exempt from the 404(b) analysis. *See United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000) (recognizing that evidence is admissible without a Rule 404(b) analysis if the acts are "part of the charged offense"); *United States v. Gooch*, 514 F. Supp. 2d 63, 69 (D.D.C. 2007) (same). Nevertheless, Defendant also had notice of this evidence because the conversations between Defendant and the CS concerning the missiles were recorded, and the transcripts of those conversation were disclosed to Defendant on or before January 2, 2007. *See* Gov't's Opp'n at 3 n.4.

The Court also notes that the Government, at the May 2, 2008 Motions Hearing, indicated that it possessed a photograph of the missiles at issue, but that Defendant never actually saw the missiles. The Court expressed its concern that introduction of the photograph could be unnecessarily prejudicial, *see* Fed. R. Evid. 403, and the Government agreed not to introduce the photograph into evidence. Accordingly, the Court shall grant Defendant's Motion in *Limine* to the extent its seeks to exclude the photograph of the missiles, and shall deny Defendant's Motion in *Limine* as to the other evidence of the missiles.

    2.    <u>The Taliban</u>

As explained above, the Government alleges that the CS was involuntarily recruited by Mr. Rahman to meet with Defendant and obtain assistance with a missile attack in Afghanistan. Gov't's Opp'n at 2. The Government seeks to introduce statements made by Mr. Rahman to the

5

CS as co-conspirator statements. Defendant argues that the Court should exclude these statements based on a lack of notice. *See* Def.'s Reply at 1-3.

As an initial matter, the statements made by Mr. Rahman to the CS are admissible as co-conspirator statements under Federal Rule Evidence 801(d)(2)(E), even though the CS may not have been part of the conspiracy. *See United States v. Edmond*, 52 F.3d 1080, 1111 (D.C. Cir. 1995) ("Rule 801(d)(2)(E) does not require that the statement be made to a co-conspirator") (citing *United States v. Zavala-Serra*, 853 F.2d 1512, 1516 (9th Cir. 1988) ("[i]t is well established that statements made by a co-conspirator need not be made to a member of the conspiracy to be admissible under rule 801(d)(2)(E)" and holding that the co-conspirator's intent is the essential inquiry)). These statements are also relevant under Federal Rule Evidence 401 because they are intertwined with the elements of the offense (i.e., evidence that Defendant has or is engaging in terrorism or may be a member of an organization that has or is engaged in terrorism). Although Defendant claims that it did not receive notice of these statements, notice was not required under rule 404(b) because these statements are evidence that is intertwined with the elements of the offense. *See Bowie*, 232 F.3d at 929. While Defendant sent a letter to the Government dated November 20, 2007, asking for the disclosure of "[a]ny written or oral statements made by [Defendant] within the possession, control, or custody of the Government," Def.'s Reply at 2, these co-conspirator statements were not made by Defendant. Accordingly, the Government did not violate any Federal Rule of Criminal Procedure or any order of this Court by failing to disclose these statements to Defendant at an earlier date.

The same cannot be said of the Government's allegation that Defendant made the following statement: "[t]he [D]efendant told the [CS] that he was aware that [Mr.] Rahman was

6

sending the CS, but that it would be up to the CS to obtain the rockets to build up trust with [the Taliban]." Gov't's Opp'n at 2. Despite the unambiguous request in the November 20, 2007 letter for all of Defendant's statements in the Government's possession, the Government failed to disclose the statement until it was included in the Government's Opposition to Defendant's Motion in *Limine* filed on May 1, 2008 (the day before trial was expected to begin). Because the Government failed to disclose this statement in a timely fashion, the Court shall prohibit the Government from introducing the statement at trial. *See* Fed. R. Crim. P. 16(d)(2) (authorizing the exclusion of evidence in response to a party's failure to meet its disclosure obligations).

Defendant also objects to the introduction of evidence that Defendant previously fought for the Taliban and/or led a small unit of Taliban fighters in Afghanistan on the basis that he failed to receive timely notice of this evidence. *See* Def.'s Mot. at 3. During the May 2, 2008 Motions Hearing, the Government agreed not to present evidence related to these allegations if the trial in this case would commence the week of May 4, 2008. Defendant indicated that it would agree to such a resolution, and the Court scheduled trial proceedings to begin May 7, 2008. Accordingly, the Court shall grant Defendant's Motion in *Limine* to the extent it relates to evidence that Defendant previously fought for the Taliban and/or led a small unit of Taliban fighters.

Finally, at the May 2, 2008 Motions Hearing, the Court questioned the Government as to its allegation that Mr. Rahman holds the title of "commander" in the Taliban, and the Government responded that this title may be honorary and not official. To avoid possible prejudice or confusion of the issues, *see* Fed. R. Evid. 403, the Government agreed not to present evidence specifically related to Mr. Rahman's "title" with the Taliban, with the understanding

that it could still present evidence concerning the extent of Mr. Rahman's involvement in the Taliban.

3. Drug Trafficking

Defendant objects to the Government's introduction of evidence that Defendant has a history of drug trafficking, arguing that it is not relevant and highly prejudicial. Def.'s Mot. at 4-5. The Government argues that the evidence is "admissible as background evidence and evidence of a fact in issue." *See* Gov't's Opp'n at 12. The Court finds that evidence of Defendant's alleged prior history of drug trafficking falls squarely under the Rule 404(b) rubric because it is not encompassed within the elements of the charged offense, and the D.C. Circuit has held that "there is no general 'complete the story' or 'explain the circumstances' exception to Rule 404(b) in this Circuit." *Bowie*, 232 F.3d at 929. The Court previously ordered the Government to provide notice of all 404(b) evidence no later than January 28, 2008. *See* Minute Order dated December 13, 2007. Because the Government failed to provide timely notice of this 404(b) evidence, the Court shall exclude its use at trial.

**B.    Motion for a Continuance**

Defendant filed a [47] Motion for a Continuance on May 1, 2008. The Motion explained that counsel for Defendant received certain of the Government's Rule 16 disclosures within the previous week, and was forced to file a Motion in *Limine* to exclude certain evidence (discussed above) to avoid the "untenable position of being completely unprepared to meet the thrust of the government's evidence . . . ." Def.'s Mot at 2. The Motion also explained that Defendant only recently learned that the Taliban would have a significant role in this case. *Id.* at 3-4.

The Court questioned Defendant at the May 2, 2008 Motions Hearing as to what he

intended to do with the additional time requested in his Motion. Defendant stated that he could request the issuance of letters rogatory to Afghanistan asking for information associated with Mr. Rahman and Defendant, and also ask a Taliban expert whether he or she is familiar with either individual.[3] Defendant also indicated that he may want to send an investigator to Afghanistan to obtain character witnesses who could possibly testify that Defendant did not previously fight with the Taliban and/or lead a small unit of Taliban fighters, or could possibly testify as to the character of the CS.

As reflected above, the Court excluded certain of the Government's evidence, in part based on a lack of notice to Defendant if the trial was to commence within the week. The Government also agreed not to introduce certain other evidence, provided that trial would commence the week of May 4, 2008. As for the evidence the Government intends to present at trial, Defendant had notice of the Government's evidence based on, among other sources: (1) the transcripts which were provided to Defendant prior to January 2, 2008, see Gov't's Opp'n at 3 n. 4, (2) the Government's statement of facts in connection with a potential plea, provided to Defendant and his counsel on January 29, 2008 (which provided an overview of the Government's case), and (3) the Government's Motion in *Limine* to allow witnesses to testify using pseudonyms, filed on February 25, 2008 (which gave additional insight into the evidence the Government intended to present).

Defendant indicated that he did not need a continuance to send an investigator to Afghanistan if the Government would agree not to introduce evidence that he allegedly fought with the Taliban and led a small group of Taliban fighters (and the Government agreed). The

---

[3] A letter rogatory is a request by a domestic court to a foreign court for certain evidence. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 n.1 (2004).

Court found that sending letters rogatory would be unlikely to produce evidence that Defendant would introduce in this case. If the response from the Afghani Government were that Defendant and/or Mr. Rahman were affiliated with the Taliban, Defendant would have uncovered inculpatory evidence. If the Afghani Government responded that no record of either individual exists, it is unclear what evidentiary value that would have, given that the Government has not alleged that either individual operated with the Taliban in any official capacity. Moreover, it is unclear how that "evidence" would refute the testimony of the Government's witness, the CS, who the Government indicates will testify that Mr. Rahman and Defendant were both members of the Taliban based on his own personal knowledge, and not based on reading any official document. In any event, Defendant may solicit the input of a Taliban expert at any time, although the Court would note that any inquiry into whether he or she is familiar with Defendant or Mr. Rahman would seem to implicate many of the same considerations described above in reference to the letters rogatory.

On this basis, the Court granted Defendant's Motion for a Continuance until May 7, 2008, to allow Defendant additional time to prepare for testimony or other evidence that the Government would introduce as reflected in this Order. Neither party argued that this timeline allowed insufficient preparation for trial given the narrowing of the evidence and/or issues as reflected above. Because the Court has granted this continuance to provide Defendant's counsel with additional time necessary for effective preparation, taking into account the exercise of due diligence, the Court shall grant a continuance of Defendant's Speedy Trial Rights, in the interests of justice, from May 2, 2008 to May 7, 2008. *See* 18 U.S.C. §§ 3161(h)(1)(8)(A), (B)(iv).

Accordingly, it is, this 8th day of May, 2008, hereby

**ORDERED** that Defendant's [43] Motion in *Limine* is GRANTED IN PART and DENIED IN PART; it is further

**ORDERED** that Defendant's [47] Motion for a Continuance is GRANTED IN PART and DENIED IN PART; it is further

**ORDERED** that the Government shall not introduce into evidence any photographs of the missiles at issue, but may introduce other evidence with respect to the missiles; it is further

**ORDERED** that the Government may introduce into evidence the statements made by Mr. Rahman to the CS, but shall not introduce into evidence the previously undisclosed statement that Defendant made to the CS, and shall not introduce into evidence any "title" that Mr. Rahman is alleged to hold with the Taliban; it is further

**ORDERED** that the Government shall not introduce evidence that Defendant previously fought for the Taliban and/or led a small unit of Taliban fighters; it is further

**ORDERED** that the Government shall not introduce evidence that Defendant has a history of drug trafficking; it is further

**ORDERED** that trial in this case shall be continued from May 2, 2008 to May 7, 2008, but shall not be continued for three-months as requested by Defendant; and it is further

**ORDERED** that Defendant's Speedy Trial Rights shall be continued from May 2, 2008, through May 7, 2008, resulting in a delay that shall be excluded from computing the time within which trial must start.

**SO ORDERED.**

Date: May 8, 2008

                                                          /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge