# UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Criminal Case No. 06-357 (CKK)** |
| | : | |
| KHAN MOHAMMED | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO AN ENTRAPMENT INSTRUCTION

The United States of America, by and through counsel, respectfully submits its this memorandum in support of its objection to an entrapment instruction being given to the jury in this case.

## Summary

The affirmative defense of entrapment may be invoked when "the Government plays on the weaknesses of an innocent party and beguiles him into committing crimes which he otherwise would not have attempted."  Sherman v. United States, 356 U.S. 369, 376 (1958).  Defendants carry the "burden of demonstrating inducement."  United States v. Salmon, 948 F.2d 776, 779 (D.C. Cir. 1991).  As this definition suggests, the entrapment doctrine is designed to protect "innocent" persons -- those who lack a predisposition to commit crime -- from overbearing police tactics that are likely to induce criminal behavior on the part of otherwise law-abiding citizens.  The entrapment defense thus has two components: the crime must have been induced by the government, and the defendant must not have been predisposed.

The courts have uniformly held that the government may be said to have induced an offense only if the police behavior was such that it would likely have overborne "a law-abiding citizen's will to obey the law."  United States v. Kelly, 748 F.2d 691, 698 (D.C. Cir. 1984).

Simple solicitation or initiation of the crime by the government plainly does not fall within this category, since "'solicitation by itself is not the kind of conduct that would persuade an otherwise innocent person to commit a crime.'" United States v. Burkley, 591 F.2d 903, 912 (D.C. Cir. 1978) (citation omitted), cert. denied, 440 U.S. 966 (1979). Instead, as the Supreme Court has held, inducement can be made out only if the government used coercion or some other sort of overbearing conduct to instigate the offense. Conversely, a defendant who is predisposed -- whose "criminal conduct was due to his own readiness and not to the persuasion of government agents," Sherman, supra, 356 U.S. at 376-377, -- cannot claim entrapment. Obviously, the surest indication of this sort of predisposition is the defendant's unhesitating acceptance of the government's criminal offer.

Because entrapment is an affirmative defense, it need not be submitted to the jury unless the defendant makes a threshold showing of inducement and lack of predisposition. Mathews v. United States, 485 U.S. 58, 59 & 66 (1988). Defendant Mohammed has failed to make such a showing in this case. The "inducement" alleged by the defense here in trial is that there was information that the ultimate destination for the drugs was the United States. The defendant has cited no case for the proposition that an instruction on entrapment is warranted when an undercover agent or informant suggest that the destination of drugs is the United States. In fact, the mention of the United States as the ultimate destination for the heroin is hardly the sort of conduct that would have overborne the will of a normally law-abiding person. In fact, the record suggests that the defendant was pre-disposed to sell drugs and he was pleased that the heroin would be sent to the United States because it would assist the Taliban in their Jihad of killing foreigners. The record in this case is clear regarding the defendant's intent to send the heroin to

the United States.

> Q: In Line 8 he says, "As much as you need I will give it to you. Two things will be done, would be done, one, as I said, the Jihad would be performed since they send it to America." What is Khan Mohammed telling you when he says that?

> A: He is telling me if these people are taking it to America, there will be two things done. One would be the Jihad and the other one would be the profit for me and you.

(Transcript of Trial, 5/13/08, afternoon session, lines 16 - 22).

At the same time, absolutely nothing in defendant's reactions to the proposal to send the heroin to America suggests that he was not predisposed to do so. To the contrary, defendant's eager acceptance of the offer make it clear beyond dispute that "the accused was 'ready and willing without persuasion'" to commit the offense. United States v. Riley, 363 F.2d 955, 957 (2d Cir. 1966). Because the evidence at trial thus is insufficient to raise either element of the defense, the defendant is not entitled to a jury instruction on entrapment.

<u>Discussion</u>

The United States respectfully submits that an entrapment instruction is not warranted under the facts of this case. As the Supreme Court and numerous lower federal courts have recognized: "Of course evidence that Government agents merely afforded an opportunity or facilities for the commission of the crime would be insufficient to warrant ... an [entrapment] instruction." Mathews v. United States, 485 U.S. 58, 66 (1988). It has been long accepted federal law that an entrapment instruction is not warranted simply because an undercover operation is employed and an undercover agent offers the defendant money in exchange for

participating in criminal activity.

The Supreme Court in Jacobson v. United States, 503 U.S. 540 (1992), stated that even in "a more elaborate 'sting' operation involving government-sponsored fencing where the defendant is simply provided with the opportunity to commit a crime, the entrapment defense is of little use because the ready commission of the criminal act amply demonstrates the defendant's predisposition." The Supreme Court explained: "Had the agents in this case simply offered [defendant] the opportunity to order child pornography through the mails, and [defendant]--who must be presumed to know the law--had promptly availed himself of this criminal opportunity, it is unlikely that his entrapment defense would have warranted a jury instruction." Id.

Affirmative defenses such as entrapment need not be submitted to the jury unless "the testimony given or proffered meet[s] a minimum standard as to each element of the defense." United States v. Bailey, 444 U.S. 394, 415 (1980)(affirming trial court's refusal to submit defendant's defense of duress to the jury and trial court's refusal to give duress instruction). The federal courts without exception hold that a defendant is not entitled to an entrapment instruction unless he "come[s] forward with evidence 'that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it.'" United States v. Bagnell, 679 F.2d 826, 834 (11th Cir. 1982), cert. denied, 460 U.S. 1047 (1983) (citation omitted). See also United States v. Rhodes, 713 F.2d 463, 467 (9th Cir.), cert. denied, 466 U.S. 1012 (1983); United States v. Miley, 513 F.2d 1191, 1202 (2d Cir.)(affirming denial of

entrapment instruction by District Judge Pollack where the defendant was "fully prepared to complete transaction on the very first occasion" he met undercover officers), cert. denied, 423 U.S. 842 (1975).  "Just as a court may find entrapment 'as a matter of law' when the evidence satisfying the elements of entrapment is uncontradicted, it also may conclude 'as a matter of law' that the evidence is insufficient to create a triable issue.  Thus, whether there is evidence sufficient to constitute a triable issue of entrapment is a question of law."  United States v. Ortiz, 804 F.2d 1161, 1164 (10th Cir. 1986)(affirming denial of entrapment instruction).

The Court of Appeals for this Circuit follows the same approach as followed in all the above cited cases.  In United States v. Brooks, 567 F.2d 134, 138 (D.C. Cir. 1977), the Court of Appeals affirmed Judge June Green's denial of an entrapment instruction where the defendant entered into a criminal enterprise which was in reality an elaborate undercover fencing operation. In Brooks, the defendant asserted an entrapment defense to gun charges arising from his role in an undercover fencing operation set-up by the Federal Bureau of Investigations and Metropolitan Police Department.  The defendant first met the undercover officers at a warehouse where the undercover officers described the illegal fencing operation to him and told him that they would pay him money for each new customer brought to the illegal fencing operation. Id. at 136.

The defendant in Brooks testified that the undercover officers persuaded him to bring persons with guns to the fencing operation and that the undercover officers eventually paid him for recruiting new customers.  Id. at 138.  In addition, the defendant testified that on the second occasion he met the undercover officer, the undercover officer lent him $200 with the express threat that harm would come to him if he did not repay that loan.  Id. at 136. Under those circumstances, Judge Green refused to give an entrapment instruction, and the Court of Appeals

with little discussion affirmed that decision.  Id. at 138.

In Court today, the Government cited United States v. Glover, 153 F.3d 749, 756 (D.C. Cir. 1998), a case concerning an entrapment assertion on a single element of a criminal offense. In that case, the defendant unsuccessfully claimed that he was the "victim" of sentencing entrapment because the government agents "orchestrated" the distributions to occur within 1000 feet of a school.  The Court found no evidence of orchestration, but even if they had, the Court reasoned that such action alone would not constitute "sentencing entrapment."  The Court explained that the defendant would still need to initially demonstrate the usual elements of the entrapment defense (inducement and lack of predisposition).  Such an instruction is not warranted  "where the defendants 'showed no hesitation in committing the crimes for which they were convicted.'" Id. (citing United States v. Shepherd, 102 F.3d 558, 566-67 (D.C. Cir. 1996).

In Government's exhibit 1C, the defendant states: "We fired rockets at the county chief office and they paid us 300,000 rupees for one night program. God willing, if you do a program then I will take 200,000 or 300,000 for you, too."  He has clearly expressed his intent to carry out the Jihad on previous occasions and under these circumstances there is no issue of entrapment for the jury to decide, and an instruction on the question-- indeed, the mere use of the term 'entrapment'--might be misleadingly suggestive." Pierce v. United States, 414 F.2d 163, 168 (5th Cir.)(affirming refusal to give entrapment instruction arising from undercover operation), cert. denied, 396 U.S. 960 (1969).

The defendant in this case has simply failed to meet his burden of establishing "inducement" sufficiently to warrant a jury instruction on the defense of entrapment. The issue of inducement is "an objective inquiry measuring whether the government's behavior was such that a law-abiding citizen's will to obey the law could have been overborne." <u>United States v. Kelly</u>, 748 F.2d 691, 698 (D.C. Cir. 1984).

The undisputed events as depicted in Government Exhibits 1A - 1K and the corresponding transcripts in 2A - 2K reveal that the defendant was simply presented an opportunity to engage in trafficking drugs to the United States. Not only did the defendant not hesitate, he embraced the idea as another opportunity to commit Jihad. "Whether it is by opium or by shooting, this is our common goal." Government's exhibit 1e. Despite the fact that he had the opportunity to decline, the defendant "readily availed himself of the opportunity to perpetrate the crime." <u>Mathews v. United States</u>, <u>supra</u>, 485 U.S. at 63.

Conclusion

WHEREFORE, for the foregoing reasons and for any other such reasons as may appear to

the Court, the government objects to the Court granting an entrapment instruction.

Respectfully submitted,
WAYNE RAABE, Acting Chief
Narcotic and Dangerous Drug Section


    /s/ Julius Rothstein
Julius Rothstein
Matthew Stiglitz
Trial Attorneys
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W., 8th Floor
Washington, D.C. 20530
(202) 514-5540
julius.rothstein@usdoj.gov

Certificate of Service

I hereby certify that a copy of the foregoing motion was filed this 14th day of May, 2008

with ECF, which will forward a copy to Carlos Vanegas, Esq. And Dani Jahn, Esq., counsel for

the defendant.


    /s/ Julius Rothstein
Julius Rothstein