UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KHAN MOHAMMED

    Defendant.

Criminal Action No. 06-357 (CKK)

**FILED**

MAY 1 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER DENYING DEFENDANT'S ORAL MOTION TO STRIKE
### THE TESTIMONY OF HEIDI WOJNO
(May 15, 2008)

On May 14, 2008, Defendant made an oral motion to strike the testimony of Government

witness Heidi Wojno, presently a senior chemist with Lancaster Laboratories in Pennsylvania.

Defendant argued that Ms. Wojno possessed certain files containing data related to the tests she

performed on the drug exhibits in this case while an employee at the Drug Enforcement Agency

("DEA"), but that the files were not disclosed to Defendant prior to her testimony. Although

there is no dispute that the Government provided notice to Defendant that Ms. Wojno would

testify and provided the DEA-7 forms, and that Defendant did not make a specific request for the

files at issue, Defendant nevertheless argued that these files should have been disclosed. The

Court offered Defendant additional time to review the files or to have an expert review the files if

Defendant deemed it necessary, but Defendant declined the offer. After hearing argument from

both Parties on Defendant's oral motion to exclude Ms. Wojno's testimony, the Court denied it.

This Order memorializes and supplements the Court's reasoning, which is also reflected in the

trial transcripts which the Court shall incorporate herein.



Federal Rule of Criminal Procedure 16(a)(1)(G) requires the Government to make certain disclosures as they relate to expert witnesses. The Rule provides, in relevant part, that

> [a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use [as expert testimony] during its case-in-chief at trial . . . [t]he summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(a)(1)(G) . Defendant claimed, based on this Rule, that Ms. Wojno's files containing data relating to the various tests that had been conducted should have been disclosed and, accordingly, that her testimony should be stricken. The Court disagrees.

Rule 16(a)(1)(G) does not appear to encompass the types of files at issue. The rule contemplates that the Government will disclose the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications, but it contains no requirement that the Government must turn over (as a matter of course) the types of "working files" that appear to be at issue here. Defendant did not indicate that he specifically requested these files. In any event, even if the Government should have disclosed them, Defendant has failed to show any prejudice as a result of the non-disclosure. Defendant does not identify any contested issue as to which the files would be relevant, and Defendant declined the Court's offer for additional time to review the files or to have his own expert review them.

Additionally, even if Defendant had made a showing of prejudice, the remedy under Rule 16 is almost never the exclusion of the evidence, but rather an order requiring the Government to allow the discovery or inspection or allowing the Defendant additional time for the same, *see* Fed. R. Crim. P. 16(d)(2) – both of which the Court offered Defendant after he made his oral motion. Instead, Defendant rejected the Court's offer, and moved for the exclusion of the

2

evidence, which is the last and most seldom-invoked remedy that a court imposes for a disclosure violation under Rule 16. *See United States v. Naegele*, Crim. A. No. 05-151, 2007 U.S. Dist. LEXIS 6196 at *5 (D.D.C. Jan. 29, 2007) ("[i]n the absence of a finding of bad faith, it is generally accepted that a court should impose 'the least severe sanction that will accomplish broad and full compliance with the discovery order,'" but noting that Rule 16 "does not *require* the Court to take any action even in the face of a clear violation") (quoting *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002) (emphasis in original)); *United States v. Sarracino*, 340 F.3d 1148, 1170-71 (10th Cir. 2003) ("the sanction of exclusion of a witness's expert testimony is 'almost never imposed in the absence of a constitutional violation or statutory authority for such exclusion'") (quoting *United States v. Charley*, 189 F.3d 1251, 1262) (10th Cir. 1999) (internal punctuation omitted)), *cert. denied*, 540 U.S. 1133 (2004)). In the present case, Defendant has not argued that the Government acted in bad faith by not disclosing Ms. Wojno's files, and the Court finds no prejudice on this record that would warrant exclusion of her testimony.

Accordingly, it is, this 15th day of May, 2008, hereby

**ORDERED** that Defendant's oral motion to exclude the testimony of Ms. Winjo is DENIED.

**SO ORDERED.**

Date: May 15, 2008

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

3