IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

      Government,

     vs.

KHAN MOHAMMED,

      Defendant.

_____

CR No. 06-357
Washington, DC
January 29, 2008
9:12 a.m.

TRANSCRIPT OF STATUS HEARING/ARRAIGNMENT
BEFORE THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:          MATTHEW STIGLITZ, ESQUIRE
U.S. Department of Justice
Narcotics and Dangerous Drug
  Section
1400 New York Avenue, N.W.
Washington, DC  20530
(202) 305-3646

JULIUS ROTHSTEIN, ESQUIRE
U.S. Department of Justice
Narcotics and Dangerous Drug
  Section
1400 New York Avenue, N.W.
Washington, DC  20530
(202) 305-3646

For the Defendant:          CARLOS VANEGAS, ESQUIRE
Federal Public Defender's Office
625 Indiana Avenue, N.W.
Washington, DC  20004
(202) 208-7500

(Appearances Continued on Next Page)

(Appearances Cont'd)


Court Reporter:                    Lisa M. Hand, RPR
                                   Official Court Reporter
                                   U.S. Courthouse, Room 6706
                                   333 Constitution Avenue, NW
                                   Washington, DC  20001
                                   (202) 354-3269

Interpreters:                      Naim Saidi


Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

1                    P R O C E E D I N G S

2              THE COURT:  Good morning, everyone.  Why don't we

3    swear in the interpreter and then call the case.

4              (Interpreter sworn by clerk).

5              COURTROOM DEPUTY:  State your name for the record,

6    please.

7              INTERPRETER:  Naim Saidi.

8              THE COURT:  Good morning.

9              INTERPRETER:  Good morning.

10             THE COURT:  Mr. Mohammed, if you have any problems

11   with the translation either hearing or what he's saying,

12   please get our attention, all right?

13             THE DEFENDANT:  Yes.

14             THE COURT:  All right.  Then let's proceed.

15             COURTROOM DEPUTY:  Criminal case 06-357, United

16   States of America versus Khan Mohammed.  Mr. Rothstein and Mr.

17   Stiglitz for the Government.  Mr. Vanegas for the Defendant,

18   Defendant is present in the courtroom.

19             THE COURT:  All right.  Let me pick up on a number

20   of things.  The motion to suppress has been fully briefed, I

21   do need to set a date for the hearing.  I see that there is a

22   superseding indictment that has come down.  I'll have some

23   questions about that.  I want to check on the 404(b) and I

24   believe this time we're going to discuss on the record what

25   the plea offer was with the calculation.  We did receive from

1   probation their calculation to put on the record,

2   Mr. Mohammed's decision more formally.

3           So, let me start with -- Mr. Vanegas, have you

4   discussed the plea offer with Mr. Mohammed and has he made a

5   decision, before I move to some of the rest of this?

6           MR. VANEGAS:  Your Honor, he has rejected the offer

7   that had been previously made available to him, and I don't

8   even know whether the offer was still available as of

9   yesterday because the Government had essentially made -- had

10  stated that if they superseded then the plea to the one count

11  indictment was no longer available, however, I asked

12  Mr. Stiglitz if he could keep that available.

13          Mr. Mohammed wants to see if the case can be

14  resolved short of trial, and so with that in mind we're going

15  to try to negotiate something.  However, that is not to say

16  that we want to derail the scheduled trial date.  We're going

17  to see if that is fruitful or not.  But the plea offer was

18  rejected.

19          THE COURT:  Okay.  Is this an appropriate time then

20  to discuss it on the record?  I do it at some point before the

21  trial and before we actually start having like a motions

22  hearing or whatever.  If you're still potentially discussing

23  it, and I can hear from the Government, then I'll wait because

24  it makes no sense to put it on the record.  I simply -- as I

25  explained to Mr. Mohammed at one of these hearings, it's his

1   decision.

2          But in order to make sure that there's no

3   misunderstandings, I always put on the record what the offer

4   was, what the calculations were in terms of the statutory

5   penalties, the advisory sentencing guidelines, if he went to

6   trial versus if he didn't go to trial.  So this is on the

7   record and it's just to make sure that there are no

8   misunderstandings.  So, everybody is here, and if people think

9   it's different than what is discussed, then they can speak up.

10  And it's his decision in consultation with his lawyer to

11  indicate to me whether he's accepting it or not.

12          But I can wait if you're going to have further

13  discussions, it doesn't make any sense to do it today.

14          MR. VANEGAS:  Your Honor, I would appreciate that

15  if the Court could wait because I do believe that if the Court

16  puts on the record and Mr. Mohammed hears it in open court

17  then I think that he will have a full understanding of what is

18  at stake.  And I think one thing that he wants to -- wanted me

19  to express to the Court is that he does not want to proceed to

20  trial, that was something he kept saying over and over again

21  yesterday.

22          So, I told him I would inform the Court of that

23  also.  He also requested to get involved in some negotiations,

24  and that's going to take place.  So, that's where we're at as

25  far as what Mr. Mohammed's requests are.

1           THE COURT:  Okay.  Let me just hear from the

2    Government as to whether they're willing to have some further

3    discussions.  And if you are, then we'll move to the rest of

4    it.  I'm not going to set other dates and proceed as if we

5    are.  We can be on two tracts, you can have discussions, and I

6    can still proceed with whatever needs to be done in the

7    context of setting other dates.

8           MR. ROTHSTEIN:  Your Honor, can I beg the Court's

9    indulgence and consult with Mr. Stiglitz?

10          THE COURT:  Sure.

11          MR. STIGLITZ:  Good morning.

12          THE COURT:  Good morning.

13          MR. STIGLITZ:  As Mr. Vanegas pointed out, there

14   have been previous --

15          THE COURT:  I'd ask you slow down a little it, it

16   makes it more difficult for the interpreter if we speak too

17   quickly.

18          MR. STIGLITZ:  As Mr. Vanegas pointed out, there

19   have been discussions ongoing since the date of the

20   arraignment.  And it was our understanding as well that they

21   had been rejected.  Mr. Vanegas yesterday indicated that his

22   client wished to speak to us.  We are certainly open to any

23   discussion with the Defendant.  I look forward to hearing what

24   he wants to tell us.  So, I agree with Mr. Vanegas that right

25   now might not be the right time to review with him various

1    plea offers that had been made in the past.  We plan on --

2    because Mr. Saidi is here today -- we plan on proceeding with

3    these meetings immediately after this hearing.

4              THE COURT:  Okay.

5              MR. STIGLITZ:  So, if we are going to resolve this

6    case, I would hope that the Court would be able to accommodate

7    us by weeks end, because I think for all parties involved it

8    would be best to resolve this sooner rather than later.  With

9    that said --

10              THE COURT:  I would not be able to do it Friday,

11   but I could certainly do it Monday.

12              MR. STIGLITZ:  Well, perhaps what we could do is

13   just leave that seed in the Court's mind, and if we feel that

14   there is need for a further status on the matter then we can

15   contact the Court to arrange for a hearing on Monday.

16              THE COURT:  I will be setting other dates, and what

17   I'm going to do is -- I'll leave a tract for you to have

18   discussions with Mr. Mohammed of trying to resolve it short of

19   trial.  We'll also at the same time, since we have a trial

20   date, February 25th, and we want to preserve that because of

21   everybody's schedule, I will set other dates keeping in mind

22   that if it gets resolved I'll try and set it up so you're not

23   doing work on that as opposed to resolving it.  But there are

24   enough weeks I think in February to be able to accommodate

25   both.

1           MR. STIGLITZ:  Thank you.

2           THE COURT:  All right.  Then let me just go over a

3    couple of things.  As I said, the motion to suppress has been

4    fully briefed.  He has been -- there is a superseding

5    indictment, and I will have him arraigned on that in a moment.

6    Mr. Vanegas, have you received all of the discovery relating

7    to that?  Does any of this -- I know there were discussions

8    about providing you with some information.  Does it effect the

9    trial date?  Are there motions associated with this?

10           MR. VANEGAS:  Well, I just received some additional

11   discovery.  The Government pointed out in the last hearing

12   that the discovery for a narco-terrorism charge would

13   basically be the same as what I've already received.  That

14   there wouldn't be anything additional.  And I think that,

15   based on the indictment, that it relates to one of the videos

16   that I already have.

17           So, I believe that I do have all the discovery

18   relating to the new charge.  Again, I'll ask Mr. Stiglitz to

19   provide any additional information, but I think I have

20   everything.

21           THE COURT:  Okay.  And so at this point we can keep

22   the trial date then of February 25th?

23           MR. VANEGAS:  Yes, Your Honor, because even if -- I

24   would ask that the Government, if there's any additional

25   discovery with respect to the narco-terrorism charge, if they

1   can get it to me by the end of the week I feel I would have

2   enough time to address those matters.

3         THE COURT:  Okay.  And let me just ask.  Do you see

4   any motions associated with it?

5         MR. VANEGAS:  I'm not sure, Your Honor.  Part of

6   the reason is —— the discovery that I received today is

7   additional transcripts, I don't know what they relate to.  The

8   initial charge in the indictment has to do with a superseding

9   indictment, I'm not sure, but again, Mr. Stiglitz indicated

10   that this discovery would not change at all, so I'm taking him

11   at his word.

12         So, I don't think that I will be filing any

13   additional motions.  Maybe I'll file something in limine, but

14   I think at this point I'm pretty set.

15         THE COURT:  All right.  Let me find out from the

16   Government on the superseding indictment, I guess they're

17   called narco-terrorism.  What is the underlying basis for it?

18   You briefly touched on it once before, but from a factual

19   perspective is all I'm asking.

20         MR. STIGLITZ:  From a factual perspective, the

21   evidence in the case is such that we believe that the

22   Defendant engaged in two drug transactions.  That the purpose

23   of these transactions was to, in part, obtain money for

24   himself.  We believe the evidence is such that the Defendant

25   has previously and was currently engaging in terrorist

1   activity, ergo, he was engaging in drug trafficking for the

2   purpose of providing something of pecuniary value to an

3   individual who had engaged or was engaging in terrorist

4   activity.

5          THE COURT:  What is the terrorist activity?

6          MR. STIGLITZ:  He had discussed using weapons to

7   setting off land mines to blow up various facilities in

8   Afghanistan.  There was frequent discussion about his plans to

9   attack the Jalalabad airfield, which was a coalition, as well

10  as a civil air facility in Jalalabad.  To include the

11  discussion of obtaining weapons for that, as well as

12  coordination with Taliban figures located in Pakistan to

13  execute a plan.

14         THE COURT:  And is this through testimony?

15         MR. STIGLITZ:  Through testimony and through --

16  quite frankly, the bulk of the Government's case is based on

17  the Defendant's own words through audio and videotape.  I

18  would note that Mr. Vanegas hasn't received any transcripts of

19  new conversations, he's simply received final versions of

20  transcripts he had previously seen in draft form.

21         THE COURT:  So, he's received it, from your

22  perspective, all the discovery that relates to this new

23  charge?

24         MR. STIGLITZ:  Yes.

25         THE COURT:  Okay.  And I take it from your

11

1   perspective it's not going to effect the trial date?

2           MR. STIGLITZ:  We don't see any reason it should.

3           THE COURT:  In terms of -- I asked him about

4   motions, but I take it there are no -- he has the universe of

5   any statements that Mr. Mohammed may have made?

6           MR. STIGLITZ:  Well, he does now.  We received --

7   yesterday I received declassified interview summaries that

8   were conducted by the military during the Defendant's

9   detention with them.  We don't plan on offering any of those

10  statements that he gave to the military in our case in chief.

11  We don't plan on making any reference to them in our case in

12  chief.  So, we provided them, just out of an abundance of

13  caution, but we don't see how that would relate to the

14  Government's case.

15          THE COURT:  Okay.  The military -- which military

16  are we talking about?  The coalition forces or --

17          MR. STIGLITZ:  I believe that the actual --

18          THE COURT:  Or Afghan --

19          MR. STIGLITZ:  No.  No.  This would be, I believe,

20  the U.S. military.

21          THE COURT:  Okay.  So there's nothing else out

22  there in terms of trying to set -- to make sure that he knows

23  everything and the context of any potential motions.  I'm not

24  talking about motions in limine but motion to suppress or

25  something of that nature, he has everything then?

1          MR. STIGLITZ:  Yes.

2          THE COURT:  Then let me go ahead and have him

3    arraigned on the new charge and then we'll move on to the next

4    issues.  So, Mr. Mohammed, what we're going to do is present

5    you on the new charge.  They have charged you with one

6    additional charge beyond the first one that you had.  So, all

7    you need to do -- your lawyer will speak for you.  But if you

8    can come up over here in front, and then you'll be put -- they

9    will tell you what the charge is.

10         We're required under our law to present you with

11   the charges in writing and you'll be told about them orally,

12   and your lawyer on your behalf will enter what your plea is at

13   this point.  So, you shouldn't say anything, only he should.

14   You can obviously consult with him, though.

15         COURTROOM DEPUTY:  May the record reflect that the

16   Defendant has received a copy of the superseding indictment.

17   Does the Defendant waive formal reading of the indictment?

18         MR. VANEGAS:  Your Honor, on behalf of Mr. Mohommed

19   we do waive formal reading of the indictment.

20         COURTROOM DEPUTY:  In Criminal Case 06-357 in which

21   you are charged in Count 1 with distributing one kilogram or

22   more of cocaine, intending and knowing that the heroin will be

23   unlawfully imported into the United States.  Count 2 engaging

24   in conduct, violating 21 U.S.C. Section 841, knowing and

25   intending to provide anything of pecuniary value to a person

13

1  or an organization engaged in a terrorist or terrorist

2  activity.  How does the Defendant wish to plead?

3        MR. VANEGAS:  On behalf of Mr. Mohommed we enter a

4  plea of not guilty to both counts in the indictment.

5        MR. STIGLITZ:  I believe that the clerk in

6  referring to the first count referenced cocaine, I'm sure that

7  was just a -- for the record it is in fact heroin.

8        THE COURT:  If you can correct that.

9        COURTROOM DEPUTY:  Heroin.  Do you want me to read

10  it over?

11        THE COURT:  Redo it again so we don't have any

12  issue later.

13        COURTROOM DEPUTY:  Count 1 is distribution of one

14  kilogram or more of heroin, intending and knowing that the

15  heroin will be unlawfully imported into the United States.

16  Count 1.

17        MR. VANEGAS:  Your Honor, we enter a plea of not

18  guilty to both counts of the indictment.

19        THE COURT:  All right.  You can go ahead and sit

20  down, Mr. Mohammed.

21        MR. VANEGAS:  Your Honor, briefly, I would just

22  state that I will -- after reviewing the new transcripts which

23  are statements, I will file, in the abundance of caution, a

24  supplemental motion to suppress.  Because although the

25  Government may not use it in their case in chief, I'm not sure

1    how things would play out in the trial, so I will do that.

2              THE COURT:  Okay.  Then we can then -- okay.

3    That's not a problem.  I guess I'll set dates for it and then

4    we'll factor that into the date for whatever motions we have.

5              MR. VANEGAS:  Yes, Your Honor.

6              THE COURT:  If I could then ask for the

7    Government -- I believe that the 404(b) would have been filed

8    on the 28th.  Can I take it because of the superseding

9    indictment there's no 404(b)?

10             MR. STIGLITZ:  Yes.  The other acts that the

11   Government was contemplating have since been absorbed into the

12   text of the new indictment.

13             THE COURT:  All right.  We do have some dates set

14   for motions in limine, which would be February 11th and

15   February 19th.  Are there -- and it's whoever is the proponent

16   of them who should file them on February 11th, which -- let me

17   just look at this.  So, it would be by -- so, there's a little

18   bit of time in here in terms of being able to make a decision

19   about what they're going to be.  Are there expected to be

20   motions in limine?  Government?

21             MR. ROTHSTEIN:  Yes, we do expect motions in

22   limine.

23             THE COURT:  From the defense?

24             MR. VANEGAS:  Yes, Your Honor.

25             THE COURT:  All right.  All right.  Then it would

1    seem to me that at this point what I'd like to do is to set a

2    motions hearing, which would be the evidentiary motions

3    hearing that would be required.  And I would be inclined to

4    set it, say, maybe the 21st, which is that Thursday.  We start

5    the trial on that Monday, but that gives an extra day in

6    between in case something comes up.  So, are people available

7    on the 21st?

8              MR. VANEGAS:  Yes, Your Honor.

9              THE COURT:  Counsel -- Government?

10             MR. STIGLITZ:  Would the Court be available earlier

11   in the week?

12             THE COURT:  The only concern I have is that your --

13   what I was planning on doing is -- the motions hearing would

14   be a motions hearing on the motions to suppress.  You would

15   have filed all the motions in limine, so I would have had an

16   opportunity to talk to those or will have issued either

17   written or oral, and that is the reason I was trying to give

18   myself a day in between here to be able to take a look at

19   those.

20             And I probably would do the full status at that

21   point.  We had already picked dates for any special voir dire

22   requests.  We had special jury instructions.  All of those

23   dates are prior to the 21st, so if there are any issues, I was

24   trying to be able to discuss them on the 21st.  I'm going to

25   set other dates in between here, I mean, I'm just working on

1   the motions hearing, picking up any issues that would come up

2   and a full status.

3           I will set at least one or two statuses in between

4   here before that timeframe.  But I want to at least set one

5   that I have everything filed and we can talk before the trial

6   starts that Monday about whatever needs to be done.  So that

7   was my concern about setting it, say, the 20th, because I

8   wouldn't get a chance to look at it.  I can accommodate you

9   when you want to do this.  I'm not in trial in that time

10  period, so if the morning or the afternoon is better for you I

11  can try and do it, assuming Mr. Vanegas is available.

12          MR. STIGLITZ:  May have the Court's indulgence?

13          THE COURT:  Sure.

14          MR. STIGLITZ:  I would say earlier in the day is

15  better, Your Honor.

16          THE COURT:  I can do it at 9:00.  Mr. Vanegas, are

17  you available or not?

18          MR. VANEGAS:  Yes.

19          THE COURT:  Why don't we do then the motions

20  hearing February 21st at 9:00 a.m., that gives us plenty of

21  time.  And I will list that as the full status.  So, that is

22  sort of our last opportunity to go over some things before

23  trial.  And you will have submitted to me everything -- we

24  have other dates before that, so if there's any issues or if I

25  have any questions I can raise them.

1          Now, in addition -- in addition, what we can do is

2     set -- do you want to set something next week to sort of see

3     where you are, whether this is going to be -- I mean, the

4     reason I suggest that is that if it's going to be resolved, it

5     would be before you started filing motions in limine, before

6     you started filing anything else.

7          I can do it -- I mean, I guess one question would

8     be to get an answer as to whether that's the route it's going

9     to go, and then set another date.  The likelihood of your

10    having come together in something in writing by, say, next

11    Monday is probably slim, but I may be wrong about that.

12         MR. VANEGAS:  Your Honor, one practical problem is

13    the fact of translating that document, and we have to rely on

14    the services of Mr. Saidi.  And once that document is

15    translated then, I have to rely on the services of Mr. Saidi

16    so we can go through what is usually a very dense eight or

17    seven page document.  So, before we come into court at a point

18    of entering a guilty plea, I know the Court basically goes

19    through every paragraph, so I think we are a long ways from

20    that -- not a long way, but I think next week would be too

21    early.

22         We can certainly let the Court know.  I believe

23    that after today's meeting we can come back early next week

24    and let the Court know whether it's actually going to --

25         THE COURT:  That is what I was thinking of.  What

1    we could do is have you come back next week and just indicate

2    whether it looks fruitful.  In other words, it looks like

3    you're coming together on something, and then give you the

4    time, you know, to work it through.  If it doesn't look like

5    it's going to be fruitful, we have these other dates.

6          MR. STIGLITZ:  Well, in my work with Mr. Saidi, he

7    has struck me as a rather prolific man.  What I'd like to do

8    is set Monday for a tentative disposition date.  If it turns

9    out the paperwork is not ready, then so be it.  But I'd just

10   as soon keep things moving forward.

11         So, I would ask the Court to set Monday for a

12   tentative disposition date.  If the parties need to come back

13   to the Court for more time -- but have a --

14         THE COURT:  Do you want to then set something in

15   the afternoon, I don't think it's realistic to necessary do it

16   in the morning?

17         MR. STIGLITZ:  Sure.

18         THE COURT:  I don't know whether you will have

19   gotten it -- with an understanding, Mr. Vanegas, that we would

20   not go forward with your client without his having a full

21   opportunity to review this.  This is obviously important for

22   him to be able to review it.  But at least if the parameters

23   of the plea would be acceptable to him, we can hear that and

24   then you can pursue it.

25         MR. VANEGAS:  That is fine, Your Honor, that's

1   reasonable.

2           THE COURT:  So, do you want to -- what time do I

3   have -- do you want to try it in the afternoon, and that gives

4   you at least the full morning.  And if Mr. Saidi could come in

5   earlier in the day, it would give you some further opportunity

6   to have a discussion between your client and Mr. Saidi.  Would

7   that work?  What time do you want?  I have it open.

8           One of my trials pled, so one of the reasons I have

9   a fair amount of time in here when I was pushed before is that

10  a lot of the associated motions hearings and other issues with

11  that trial have gone away.

12          MR. VANEGAS:  I think I'm agreeable to Monday

13  afternoon.  However, I would like to be able to speak to Mr.

14  Saidi maybe Thursday or Friday because it just takes a lot of

15  time.  So, I'll ask Mr. Saidi if he's available on Thursday

16  and Friday and then by Monday clearly --

17          THE COURT:  Why don't I give you a moment to talk

18  to him for a second and we can put whatever on the record in

19  terms of your timetable and his.

20          MR. VANEGAS:  Yes, Your Honor.

21          THE COURT:  Okay.

22          MR. VANEGAS:  Your Honor, Monday, February 4th in

23  the afternoon is agreeable.

24          THE COURT:  Okay.  How about 2:00 o'clock?

25          MR. VANEGAS:  That's fine.

 1          MR. STIGLITZ:  Fine.

 2          THE COURT:  All right.  And Mr. Saidi the last time

 3   we were here I think you had a conflict with our trial date do

 4   you still have one or has that case moved.

 5          INTERPRETER:  Yes, Your Honor, but I told them that

 6   this has a priority because they are not exactly sure, so I

 7   will --

 8          THE COURT:  Okay.  All right.  Well, this one, if

 9   it's going to trial, is definitely going to happen the 25th.

10   So, we will have your services then, is that correct?

11          INTERPRETER:  Yes, Your Honor.

12          THE COURT:  If you can let Mr. Mohammed know as

13   well, I think that would be helpful.  All right.  So, in terms

14   of dates then, what we have is -- in terms of whether or not

15   this is going to be a disposition, and if it can't be the

16   disposition, fine, February 4th at 2:00 p.m.  There will not

17   be any 404(b).  There will be motions in limine, and those

18   dates of February 11th for whoever the proponent is and

19   February 19th for whoever is opposing it or responding in any

20   way.

21          I had set earlier dates as well for special voir

22   dire and the jointly prepared case -- statement of the case

23   that would be read to the jury panel for February 15th, and

24   any special jury instructions by February 20th.  The special

25   jury instructions would really go -- what I'm most interested

1   in is the charged offenses.  And I've gone over with you -- I

2   believe that they need to be both the voir dire and the

3   special jury instructions, that they need to be on a disk, you

4   need to do them jointly, I don't want two different versions.

5          I have sort of a standard set of questions that

6   cover the waterfront, but you can figure out which ones are

7   appropriate for this case -- in terms of using those.  And

8   then any additional ones, if you both agree on them, those

9   would be next.  If one side or the other is asking for an

10  additional one and there's no opposition, but one side or the

11  other isn't requesting it, you indicate that.  And then if

12  there are any questions -- voir dire questions where there is

13  an objection, you list those next with whatever the objection

14  is -- and I'm talking about something short, and I'll talk

15  about them on the record when we come back, that would

16  indicate why you want it and what the objection is.

17         The jury instructions, again, I'd ask that you sit

18  down and go over it and make sure that -- there are

19  instructions, and I probably have a set, but I'll let you if

20  you want to come up with one or if you want to contact

21  chambers, I can probably give you one for Count 1, I've used

22  that one before.  The second count I have not had before, so

23  frankly, I don't have any instructions on that.  But I would

24  ask that you sit down and work on them.

25         I'd like to work from standard instructions of some

1   sort and not something people invent so that we don't have any

2   problems.  I don't know whether the statute has been around so

3   long that there are instructions, but hopefully some other

4   circuits have used it.  And I don't know, frankly, whether

5   within this courthouse, and I will check, whether people have

6   had cases that have involved these charges.  I know we've had

7   some -- what would have been labeled terrorism-related, but I

8   don't know whether we've had one with drugs.

9           MR. STIGLITZ:  To my knowledge there are only four

10  indictments in existence with this charge, they are all out of

11  our section.  You're the lucky judge to get the first case

12  to -- actually past arraignment.

13          THE COURT:  All right.  My suggestion is that

14  you -- working from the statute -- that you take a look at it,

15  and if it looks like this is not going to get resolved, then

16  you should spend some time on it.  It is easier to do this

17  before trial than it is to do it while a trial is ongoing.  It

18  also makes a difference in terms of the scope and what the

19  elements are in terms of either the motions in limine as well.

20  So, although I'm not asking to get it until the 20th, you

21  should wait to see whether this is going to get disposed of.

22          But if it's not going to be disposed of, then you

23  need to put some energy on this to make sure that we get

24  something that indicates precisely what the elements, state of

25  mind, et cetera, need to be placed.  And then the other dates

23

1   we had were the February 21st at 9:00, which will be a full

2   status.  I will go over all of -- you know, whatever issues

3   have been filed, and have further discussion with you.  And

4   the motions hearing -- an evidentiary hearing on the motions

5   to suppress the statement and evidence that would be related

6   to it.  I think those are all of the dates.  Anything further

7   from the Government?

8            MR. ROTHSTEIN:  One point, Your Honor.  Julius

9   Rothstein for the Government.  Your Honor, we'd ask leave of

10  the Court to file a motion for an anonymous jury.  We did not

11  file that because of I guess the pendency of the, I guess,

12  plea offer that was initially send out to the Defendant, there

13  was no need to file that.

14           It's not evidentiary based, it's more

15  administrative, seeing as how there's going to be evidence and

16  discussion about terrorist organizations and so forth.  If

17  this does proceed to trial we think that that subject matter

18  is ripe for such a motion.  It's not going to be a full

19  sequestration motion, just simply names and identities.  We

20  ask leave of the Court to make that motion.

21           THE COURT:  When are you going to file it?

22           MR. ROTHSTEIN:  I could file it tomorrow.

23           THE COURT:  All right.  Why don't you then do so,

24  which would be -- I guess it's the January 30th.  I won't

25  require a position on your part, Mr. Vanegas, until when we

1  come back next week we'll discuss at that point whether -- if

2  it looks like it's going to trial, when you should respond to

3  it.

4          MR. ROTHSTEIN:  Yes, Judge.

5          THE COURT:  And I will also leave the

6  supplementation, we'll have a discussion next week about that.

7  I won't make you file it.  I'd rather you focused on talking

8  to your client around whether this is going to get disposed of

9  short of a trial.  If that doesn't happen, then we'll talk

10 about what date you should file to supplement whatever

11 classified statements or material you received.  It will also

12 give you time to take a look at it, if that works for you.

13         So, we'll leave two dates to be done.  One is a

14 response to this anonymous jury request, and the other is any

15 kind of supplement to the Defendant's statements.  I'll wait

16 and see what happens with the case before I set them at this

17 point.  Anything from you, Mr. Vanegas?

18         MR. VANEGAS:  No, Your Honor.

19         THE COURT:  All right.  I think at this point that

20 what I will do -- as I have been doing -- is put on the record

21 the need for the speedy trial rights continuance, which is the

22 language that's used in terms of -- we have the trial date set

23 in order to make sure that Mr. Mohammed has a full opportunity

24 to consider whatever possible disposition is available to him,

25 as well as to make sure that we cover all of the other motions

1   and legal issues that need to be done.  So, I've done it

2   orally.  I'll indicate that there is a need for the

3   continuance for those reasons, and I'll put something short in

4   writing when I put something on the record.

5               Okay.  If there's nothing else, let me excuse you

6   at this time.  Thank you, Mr. Saidi.  I do not have anything

7   in court until I think it's noon, so if you want to take a few

8   minutes to have a discussion here, you can.  I mean, you need

9   to talk to the Marshals about how long that gets to be, but if

10  you want to have a short discussion at this point before you

11  proceed, you're welcome to.

12              MR. ROTHSTEIN:  Thank you, Your Honor.  We'll

13  discuss that with the Marshals.  We also, I believe, put a

14  come up in just so Marshals downstairs knew that he was coming

15  up for a court appearance as well as for a possible meeting.

16  But we'll confer with the Marshals.

17              THE COURT:  All right.  You can have it wherever

18  you want, but if you want to use the courtroom you're welcome

19  to.  All right.  Parties are excused.

20              COURTROOM DEPUTY:  All rise.  This court stands in

21  recess until 12:00 p.m.

22  END OF PROCEEDINGS AT 9:50 A.M.

23

24

25

C E R T I F I C A T E

I, Lisa M. Hand, RPR, certify that the foregoing is a correct transcript from the record of proceedings in the above-titled matter.

_____

Lisa M. Hand, RPR